## ZEIGLER *v.* WELLS, FARGO & CO.

In an action against a common carrier, to recover damages for the loss of a draft, the measure of damages, *prima facie*, is the amount due on the same; but the defendant is at liberty to reduce the damages by proof of payment, the insolvency of the maker, or any fact tending to invalidate the security.

In such action, a complaint which does not state the date of the draft, the amount for which it was drawn, the time when it was payable, or to whom payable, is insufficient.

APPEAL from the Eleventh Judicial District, Placer County.

The facts are stated in the opinion of the Court.

*Saunders*, *Dwinelle*, and *Wilkins*, for Appellant.

*Jo. Hamilton*, for Respondent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action to recover damages caused by the failure of the defendants to deliver a letter containing a check or draft received from the plaintiff at their office in Auburn, inclosed in a common ten-cent letter envelope, issued by the defendants, directed to Louis Sloss & Co., at Sacramento. The check in question was drawn by one Jackson, on the defendants at San Francisco, and soon after

the letter was deposited with the defendants for transmission to Sacramento, Jackson became insolvent and left the country, leaving no funds in the hands of the defendants for the payment of the check.

The original complaint was demurred to, and the demurrer was sustained. The plaintiff filed an amended complaint, which was also demurred to. The Court overruled the demurrer, and this is assigned for error. It is objected that the complaint should have averred that Jackson had sufficient funds in the hands of the defendants at the time he drew the draft to pay the same, and that the averment of Jackson's solvency at the time is not sufficient. The plaintiff avers in his amended complaint that the draft was worth the sum of nine hundred and thirty-four dollars—the amount he paid for it. Where property sued for is a chose in action, as a bill, note, or other security for the payment of money, the measure of damages is *prima facie* the amount due on the security; the defendant being at liberty to reduce that valuation by evidence showing payment, the insolvency of the maker, or any fact tending to invalidate the security. (Sedgwick on Damages, 488.) We think the statement of the value of the draft in the complaint would be sufficient, if it had stated the sum for which it was drawn; but in the absence of any averment that it was drawn for any sum, the mere averment that it was "valuable," or of a certain value, is insufficient.

It is further objected that the draft is not sufficiently described in the amended complaint. The description is as follows : "A valuable draft or writing drawn by John Q. Jackson on Wells, Fargo & Co., at San Francisco." Neither the date or amount of the draft is stated, or the time when it was payable, or to whom it was payable. The defendants were entitled to such a description as would clearly identify the draft in question, and in this respect the averments in the complaint are clearly insufficient. The Court therefore erred in overruling the demurrer.

The judgment is reversed, and the cause remanded for further proceedings.