STATE OF NEBRASKA, APPELLEE, v. BANK OF RUSHVILLE,
APPELLEE, IMPLEADED WITH W. E. BROWN, APPEL-
LANT.

FILED FEBRUARY 9, 1899. No. 8686.

1. **Receivers:** COMPROMISE OF SUIT. A court appointing a receiver for
an insolvent bank may authorize the receiver to settle and com-
promise a suit instituted by himself in behalf of the estate, where
it appears that as large a sum will probably be realized in that
way as if the litigation was continued, or it is disclosed that the
best interests of the estate require that such settlement be ef-
fected.

2. ———: REVIEW. An order of the court giving directions or in-
structions to a receiver in the performance of his trust will not
be disturbed on review where no abuse of discretion is shown.

APPEAL from the district court of Sheridan county.
Heard below before WESTOVER, J. *Affirmed.*

*W. W. Wood* and *Stewart & Munger,* for appellant.

*Frank T. Ransom* and *W. W. Morsman, contra.*

NORVAL, J.

The record before us discloses that the Bank of Rush-
ville, incorporated under the laws of this state, became

insolvent, and on January 5, 1894, A. P. Brink was appointed the receiver of said bank, who duly qualified as such and entered upon the discharge of the duties of the trust. The receiver converted the assets into money, and the proceeds, under the order of the court, were distributed by him among the several creditors. The assets being insufficient to pay the liabilities of the bank, on application of the receiver the district court ordered him to proceed at once to enforce against the stockholders their constitutional liability for the unpaid indebtedness of the bank. In obedience to said order the receiver instituted suit in the district court of Sheridan county against William May, Elmer Williams, and Arthur Kinney, as stockholders of said bank, by which it was sought to charge said May as the owner of 105 shares of stock and said Williams and Kinney each for the number of shares owned by them respectively. In said cause May filed an answer admitting his liability to the extent of twenty-six shares of the capital stock of the bank, and denying all other or further liability. Subsequently the receiver applied to the court in the proceeding to wind up the affairs of the bank for an order authorizing him to settle and compromise the suit against the stockholders by taking judgment against May, the only solvent defendant, for the sum of $2,600, and which sum he was to immediately thereafter pay the receiver. One W. E. Brown, a creditor of the Bank of Rushville, resisted the application for authority to settle and compromise the suit pending against the stockholders, and the court, upon the hearing, granted permission to settle the suit as recommended and advised by the receiver. From this order Brown has prosecuted an appeal.

The power of the court to authorize a receiver appointed by it to wind up the affairs of an insolvent corporation, to settle and compromise doubtful claims, or a pending suit in which the result of the litigation is uncertain, cannot well be questioned. A receiver discharges his functions under the directions and instruc-

43

tions of the court making the appointment. He is "the arm of the court." Manifestly, where the court has not abused its discretion in the giving of instructions to the receiver, its orders in the premises will not be disturbed on review in the appellate court. Therefore, in the present case it devolved upon the creditor to show that a larger sum than $2,600 would probably have been realized from the suit against the stockholders without the compromise prescribed by the terms and order of the court, and that it was to the interest of the bank not to settle the action. Brown, the appellant, introduced no evidence on the hearing in the court below except his written application protesting against the granting of authority to compromise, which was verified by his counsel, upon belief merely. The petition of the receiver for instructions is sworn to positively, sets forth that at the time of his appointment and the insolvency of the bank the capital stock of the bank consisted of 50 shares at $100 each, of which said William L. May was the owner of 26 shares, and no more; that two years prior to the insolvency of the bank its capital stock consisted of 200 shares at $100 each, of which said May owned 105 shares; that at that time the capital of the bank was reduced to $5,000 and the stockholders surrendered their shares, and the said 105 shares owned by May were likewise surrendered and canceled and 26 shares of stock were issued to him, and which he owned when the bank closed its doors and the receiver was appointed. The application of the receiver for instructions further states that the suit to enforce the stockholders' liability is founded upon the theory that the reduction of the capital stock of the bank was illegal and fraudulent; that the stockholders were liable for the number of shares held by them prior to the reduction of the capital; that the result of the legislation upon such issue is doubtful and uncertain; and that the receiver is advised by his counsel, and is himself of the opinion, that the best interest of the estate requires that the compromise be made as proposed.

There was introduced absolutely no evidence to show that the averments in the application of the receiver were untrue. He was an officer of the court, and the latter was justified in acting on the advice and recommendation of the former. It is claimed by counsel for Mr. Brown that he was a creditor of the bank prior to the reduction of its capital stock, and hence is placed in a different relation from the other creditors, and as to him the stockholders were liable for the number of shares held when the reduction was made. There is not a scintilla of evidence to sustain this contention. On the contrary, the record shows that Mr. Brown's claim against the bank, as presented and allowed, consisted of a certificate of deposit issued by the bank subsequent to the time the capital stock was reduced to $5,000. If, as suggested by counsel, such certificate of deposit was given to cover moneys deposited in the bank on open account when its capital was $20,000, such fact should have been established on the hearing. No abuse of discretion of the court below having been shown, the order is

AFFIRMED.