GEORGE M. BROOKS & another *vs.* WILLIAM E. NEAL receiver.

Suffolk.   November 19, 1915. — April 5, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Release.  Joint Debtors.  Receiver.*

A judgment on one entire debt against two joint defendants is discharged as to both defendants by a release under seal discharging one of them.

A receiver has authority with the approval of the court that appointed him to compromise a judgment debt of two joint debtors, where he has been unable to find any property of either of them, by releasing the debtors on receiving a sum of money less than the amount of the judgment from one of them.

AUDITA QUERELA under R. L. c. 192, §§ 1, 2, by George M. Brooks of Arlington and Frank P. Brooks of Plymouth against William E. Neal of Lynn, as receiver of the property of the American National Bank of Boston, to restrain him from instituting or prosecuting any further proceedings upon a judgment against the plaintiffs for $6,425.01 damages and $30.40 costs alleged to have been discharged by a release under seal.  Writ dated February 19, 1913.

The release, of which a copy was attached to the writ and declaration, was as follows:

"Know all men by these presents that I, William E. Neal, of Lynn, in the County of Essex, the Receiver of the American

———

National Bank of Boston, in the District of Massachusetts, duly appointed by the Comptroller of the Currency of the United States of America and qualified as such receiver, acting under and in pursuance of the authority of the decree of the District Court of the United States entered on April 18, 1911, on my petition as such receiver for leave to compromise a certain claim of the said American National Bank against George M. Brooks, of Arlington in the County of Middlesex, in consideration of the sum of three hundred twenty-five (325) dollars to me paid by said George M. Brooks, the receipt whereof is hereby acknowledged, hereby on behalf of the said American National Bank and of myself as receiver thereof release and forever discharge said George M. Brooks from all liability upon a certain promissory note for the sum of five thousand one hundred thirty-five and ninety hundredths (5135.90) dollars, made by the said George M. Brooks and one Frank P. Brooks, and against judgment thereon amounting to six thousand four hundred fifty-five and forty-one hundredths (6455.41) dollars, duly recovered in the Superior Court in the County of Suffolk and Commonwealth of Massachusetts under date of September 7, 1909, upon which execution was issued September 29, 1909.

"In witness whereof I have hereunto set my hand and seal this twenty-sixth day of April, 1911. Willliam E. Neal, Receiver. [Seal]".

In the Superior Court the case was tried before *King,* J. The facts appeared which are stated in the opinion. It was admitted that the receiver received the sum of $325 named in the release in compromise of his claim against George M. Brooks. Subsequently on a *pluries* execution on the same judgment Frank P. Brooks was summoned for examination in poor debtor proceedings under R. L. c. 168, and this writ of audita querela was brought.

The defendant asked the judge to make the following rulings:

"1. Upon all the evidence the plaintiff cannot recover.

"2. Upon all the evidence the plaintiff Frank P. Brooks is not entitled to any relief.

"3. Upon all the evidence the plaintiff Frank P. Brooks is not entitled to recover.

"4. Upon the law and the evidence, the defendant is entitled to have the court declare and adjudge that said judgment referred

to in the plaintiff's complaint is still valid and subsisting and un-discharged so far as it affects or relates to said Frank P. Brooks.

"5. The alleged release given by William E. Neal, receiver, is not a valid release.

"6. The alleged release purporting to be signed by the defendant in this action was beyond his powers or authority to give.

"7. The alleged release set up by the plaintiffs in this action purporting to be signed by the defendant was not effectual to discharge and release the defendant Frank P. Brooks.

"8. The defendant, being receiver, had only such powers as were conferred upon him by the order and decree of the court, which was, namely, only to compromise the claim so far as it referred to the plaintiff George M. Brooks and had no effect to discharge or release or compromise the claim or judgment as against the defendant Frank P. Brooks.

"9. The defendant, acting as receiver, had no right or authority to release the judgment complained about by payment of a portion thereof.

"10. Any purported release of the judgment for money in consideration of a less sum, is invalid, and the release set up by the plaintiff is invalid to discharge the plaintiffs, and especially the plaintiff Frank P. Brooks."

The judge refused to make any of these rulings, and made the following orders:

"1. The plaintiffs are entitled to judgment for relief adapted to the case and to the prayer of the writ.

"2. The judgment obtained in this court on September 7, 1909, in favor of the defendant in this action and against the plaintiffs herein for $6,455.41 was discharged by an instrument in writing under seal, executed by the defendant on April 26, 1911, purporting to release and discharge George M. Brooks, the plaintiff herein, and joint judgment debtor in said judgment with Frank P. Brooks.

"Said instrument contained no reservation of rights against Frank P. Brooks and amounted to a technical release of both judgment debtors, the plaintiffs herein.

"3. The defendant and all persons claiming under him are to be permanently enjoined from hereafter causing to be issued against the plaintiffs, or either of them, any further or other executions for the collection of said judgment or any part thereof

and from instituting or prosecuting any further proceedings against the plaintiffs or either of them in this or any other court of this Commonwealth, for the enforcement or collection of said judgment or any part thereof.

"4. The plaintiffs are to have judgment for their costs against the defendant in this action."

The defendant alleged exceptions.

*C. F. Eldredge,* for the defendant.

*P. A. Hendrick,* for the plaintiffs.

DE COURCY, J.   The judgment against George M. Brooks and Frank P. Brooks created a liability which was entire and indivisible, and which necessarily would be destroyed by the discharge of one of the debtors.  *Contakis* v. *Flavio,* 221 Mass. 259.  Neal, the receiver, compromised with George M. Brooks, one of the joint debtors, and gave him a release under seal, purporting to discharge the said George M. Brooks from all liability on the note and judgment.  This amounted to a technical release of the joint debtor, Frank P. Brooks, and the instrument discloses no intention to reserve any rights against him.  *Hale* v. *Spaulding,* 145 Mass. 482.  *National Security Bank* v. *Hunnewell,* 124 Mass. 260. See *Matheson* v. *O'Kane,* 211 Mass. 91.

Some time after the giving of this release, the receiver was authorized to sell certain assets, including the judgment in controversy; and in consideration of $300 he sold and assigned to Rufus Coffin certain promissory notes, a "judgment against Frank P. Brooks $6,130.40," and divers pending suits.  The subsequent proceedings under the judgment were brought by Coffin in the name of the receiver.  His contention is that the receiver had no right to give the release which he executed, and that it is void so far as it affects Frank P. Brooks.

Assuming that the validity of the release can be attacked collaterally in these proceedings, the record does not particularly disclose the nature of the receivership, nor the powers originally conferred upon the receiver by statute or by decree.  See Magee on Banks & Banking, (2d ed.) 776.  Plainly he had authority to compromise the doubtful debt with the approval of the court.  *In re Croton Ins. Co.* 3 Barb. Ch. 642.  *Jackson* v. *Horton,* 126 Ill. 566. *Alexander* v. *Maryland Trust Co.* 106 Md. 170.  *State* v. *Bank of Rushville,* 57 Neb. 608.  High on Receivers, (4th ed.) §§ 177, 336.

See U. S. Rev. Sts. § 5234. The special petition brought by him in the Federal Court set forth the offer of $325 "in full settlement of all claims of your receiver against said George M. Brooks," his reasons for recommending it (including the fact that he had been unable to find any property of either of the joint debtors), and the approval of the comptroller of the currency. A decree was entered by the court authorizing the receiver to compromise the claim as prayed for. The only claim he had against George M. Brooks was that on the joint judgment. As he never sought to have the release reformed or cancelled, we must assume that, in executing it, he intended the legal consequences of his act, one of which was that no foundation was left for an action against Frank P. Brooks.

The rulings requested were refused rightly and the plaintiff Frank P. Brooks is entitled to the relief sought. *Brackett* v. *Winslow,* 17 Mass. 153.

*Exceptions overruled.*