STATE, *ex rel.* A. M. LAWLER, v. W. V. KNOTT, as State Treasurer, as ex officio Treasurer of Everglades Drainage District, *et al.*

178 So. 420.

En Banc.

Order Entered December 21, 1937.

Rehearing Denied February 9, 1938.

*Pleus, Williams & Pleus,* for Relator;

*Fred H. Kent,* for Respondents;

*Watson & Pasco & Brown,* of Pensacola, and *Whitfield & Whitfield,* of Tallahassee, for certain bondholders, petioners seeking to stay the execution of the peremptory writ.

PER CURIAM.—*Whereas,* the Court as is stated in the Opinion by Mr. Presiding Justice WHITFIELD, on the 16th day of December, 1937, after its issuance of a Peremptory Writ of Mandamus in the above entitled cause, for the

reasons stated, issued its stay order in the following language, to-wit:

"Attorneys representing H. C. Rorick, Joseph R. Grundy and James R. Easton having filed a petition asking, (a) for leave to intervene herein, (b) that this Court recall its peremptory writ of mandamus herein or in the alternative that the Court stay the execution temporarily of the said peremptory writ of mandamus and (c) for other and further relief and the said petition having been considered by the Court, it is ordered and adjudged by the Court that further execution of the peremptory writ of mandamus issued in this cause on December 15, 1937, be and it is hereby stayed and enjoined until the further order of this Court.

"And it is further ordered by the Court that a hearing upon the above mentioned petition by Counsel for Mr. Rorick and others respecting this matter will be heard by the Court at 10:00 o'clock A. M. Monday, December 20, 1937."

*And Whereas* upon further consideration by the Court the majority of the Justices of the Court are of the Opinion that the aforesaid judgment awarding a Peremptory Writ of Mandamus should be adhered to because of the reasons stated by Mr. Justice BUFORD.

Now THEREFORE the Stay Order above quoted is now vacated, set aside and annulled.

BROWN, BUFORD and CHAPMAN, J. J., concur.

ELLIS, C. J., agrees to conclusion that peremptory writ stand.

WHITFIELD and TERRELL, J. J., dissent.

WHITFIELD, J. (dissenting).—An alternative writ of mandamus issued by this Court alleges in effect that the relator is the *bona fide* bearer and holder of matured bonds and

refunding bonds with coupons amounting to $9,170.00, the command being:

"Now, therefore, we, being willing that justice may be done in the premises, do hereby command that you, the respondents, W. V. Knott, as State Treasurer, as *ex officio* Treasurer of Everglades Drainage District; Board of Commissioners of Everglades Drainage District, * * * do pay or cause to be paid to relator, in the manner and form as prescribed by law, the bonds and coupons herein described, out of the funds shown to be on hand and applicable thereto, and do pass and adopt all necessary resolutions and do execute, sign and countersign such orders and warrants and take all other steps necessary to accomplish such payment, upon the surrender by the relator of the aforesaid bonds and coupons or that you, the respondents, do severally show cause before the Supreme Court of Florida, at Tallahassee, Florida, on the 18th day of January, A. D. 1937, for your failure or refusal so to do."

A motion for final judgment awarding peremptory writ of mandamus notwithstanding the returns, was denied.

A motion to quash the alternative writ was denied, the Court saying:

"The bonds in question are supported by nothing but the annual acreage tax based on benefits to the lands. Such a tax is the type of special assessment limited in application, and experience has demonstrated in this case that it does not constitute an inexhaustible fund sufficient to redeem the bonds.

"* * * It would be inequitable and unjust under the circumstances to apply the 'first come, first served' rule to the funds on hand under such circumstances. Moran, *et al.,* v. State, *ex rel.* Montgomery, 111 Fla. 249, 149 So. 477; Norris v. Montezuma Valley Irrigation District, 248 Fed.

369; State, *ex rel.* Lawler, v. Knott, 129 Fla. 136, 176 So. 113.

"It follows that the funds brought in question, being special or limited, are charged with a definite trust, and if not sufficient to pay all bond and coupon claimants, in full, they should be distributed among them on a pro-rata basis. In this they become equitable assets, not the subject of a suit at law." Moran, *et al.,* v. State, *ex rel.,* 111 Fla. 429, 149 So. 477.

A rehearing was denied August 31, 1937. See State, *ex rel.* Lawler, v. Knott, 129 Fla. 136, 176 So. 113.

An extraordinary petition for rehearing was denied October 5, 1937.

A motion to amend the alternative writ was filed October 30, 1937, but the court has taken no action thereon.

On December 15, 1937, the following stipulation was filed:

"STIPULATION.

"*Whereas,* the above cause was instituted and an alternative writ of mandamus issued on December 30th, 1936, which impounded Ninety-one Hundred Seventy ($9,170.00) Dollars, and

"*Whereas,* this Court has, by original opinion on August 31st, 1937, and opinion on rehearing on October 5th, 1937, sustained the motion to quash the said alternative writ of mandamus, and

"*Whereas,* on October 19th, 1937, Relator filed a motion for leave to amend the said alternative writ of mandamus, and this case is still pending and

"*Whereas,* similar suits have been instituted in the Circuit Court of Leon County and are still pending on other securities held by the same Relator, and

"*Whereas,* there was also instituted in the Circuit Court

of Leon County, by one W. T. Wallis, as relator, a suit upon a certain judgment procured by him against the Respondent, the Board of Commissioners of Everglades Drainage District, in the total aggregate sum of Eleven Thousand Nine Hundred Eight and 98/100 ($11,908.98) Dollars, together with interest thereon from the 6th day of August, A. D. 1935, and in which suit a peremptory writ of mandamus has been issued by said Circuit Court requiring payment to said Relator of the sum of Sixty-three Hundred Eighty-two and 84/100 ($6,382.84) Dollars from the proceeds of taxes levied for maintenance purposes, and

"*Whereas,* the Relator herein did, on the 7th day of October, A. D. 1937, institute in this Court another mandamus proceeding, which suit is still pending and undecided, wherein and whereby said Relator seeks to have declared unconstitutional, Chapter 17902, Laws of Florida, Acts of 1937, and to require the assessment of three years back taxes, and as ancillary thereto, said Relator procured, on said date, from this Court a constitutional writ of injunction whereby the Tax Collectors and Clerks of the Circuit Courts, and the Board of Commissioners of Everglades Drainage District were enjoined from compromising or settling delinquent taxes or accepting anything other than payment in full or in cash any payment therefor, and

"*Whereas,* all of the foregoing litigation has been amicably settled among the parties, and Relator herein has agreed to deliver to the Respondents, the Board of Commissioners of Everglades Drainage District, a satisfaction in full of the said Wallis judgment without any payment thereon by the said The Board of Commissioners of Everglades Drainage District, thereby releasing the said sum of Sixty-three Hundred Eighty-two and 84/100 ($6,282.84) Dollars, levied for maintenance and operation of said District, impounded by said writ, as well as to dismiss the last

named mandamus proceeding and bring about a discharge of the constitutional writ, and

"*Whereas,* it is deemed highly essential and for the best interest of Everglades Drainage District, all bondholders and taxpayers who pay taxes therein that this litigation be so compromised and settled, in order that the District may operate under the said Act of 1937, and thus stabilize its fiscal affairs.

"Now, THEREFORE, we, the undersigned, as attorneys of record for the parties hereto, do hereby stipulate and agree that the above entitled court may forthwith enter a peremptory writ of mandamus in accordance with the commands in the alternative writ contained.

"WITNESS our hands as said attorneys this 14th day of December, A. D. 1937.

> "PLEUS, WILLIAMS & PLEUS,
> "By (signed) R. J. PLEUS,
> "Attorneys for Relator,
>
> "(Signed) FRED H. KENT,
> "Attorneys for Respondents."

Upon such petition being considered, it was "ordered by the Court that the aforesaid stipulation be and it is hereby approved by the Court and it is further ordered and adjudged by the Court without any decision being rendered as to the questions involved in this controversy that a peremptory writ of mandamus in accordance with the commands in the alternative writ in this cause be and it is hereby awarded, and that the Clerk do forthwith issue such peremptory writ of mandamus."

A peremptory writ was issued as ordered.

On December 16, 1937, a petition was filed by H. C. Rorick, Joseph R. Grundy and James R. Easton, in which

it is in effect alleged that in the case of State, *ex rel.* A. M. Lawler, v. W. V. Knott, *et al.,* referred to herein above, "the * * * said opinions and the judgment of the Court entered thereon sustaining Motion to Quash the Alternative Writ of Mandamus issued in said cause, was a holding in effect by the Court that the so-called 'first come, first served' rule did not apply to funds of said District in the hands of the State Treasurer as *ex officio* Treasurer. * * *

"That as affirmatively appears from the record in said cause and as your Petitioners now allege, Everglades Drainage District was at the time of suing out the Alternative Writ of Mandamus in said cause, and at all times since has been, and is now heavily in default as to its bonds and interest coupons outstanding and far in excess of any funds at any of said times on hand with the said W. V. Knott, as *ex-officio* Treasurer of said District applicable or available in law for the payment and discharge of said default. Your Petitioners prior to the filing of this Petition became and were the bearers of upwards of seventy-seven (77%) per cent. of the total outstanding principal of the bonds of said District, and now are the bearers of upwards of seventy-seven (77%) per cent. of said bonds or other obligations of said District into which said bonds have become merged, and are also the bearers, under like circumstances, of more than One Million Dollars of coupons representing interest upon the said bonds. That a large part of said bonds and interest coupons have matured, but have been and remain unpaid. * * *

"That the Peremptory Writ of Mandamus hereinabove referred to was inadvertently issued by the said Court and is in direct variance from the prior Opinion of said Court. * * *

"* * * that unless the Court intended thereby to overrule or to modify its earlier Opinions in said cause the Peremp-

tory Writ of Mandamus aforesaid, was inadvertently issued, without, as your Petitioners suggest, due consideration being given to the fact that the Stipulation filed as a basis for said Peremptory Writ does not undertake to deal with funds in which only the District and the Relator are interested; but undertakes to deal with and to order paid out funds in which Your Petitioners as bondholders of said District and other bondholders have a vested interest and right under the previously announced decisions of this Court in the cause referred to; and without, as your Petitioners further suggest, giving due consideration to the fact that under the previously announced Opinion of this Court payment under such circumstances as disclosed by the Record in said cause to the Relator, would be and constitute and is a preference of said Relator over other bondholders similarly situated holding matured and unmatured obligations and bonds of said District.

"WHEREFORE, the premises considered, your Petitioners respectfully move the Court as follows:

"(1) That they be granted leave to intervene in said cause and to file therein their Motions and Pleadings more fully setting forth and bringing to the attention of this Court their vested rights in and to a portion of the moneys impounded by the Alternative Writ of Mandamus therein.

"(2) That upon the granting of such leave and temporarily pending the filing of such Motions within such time as the Court may direct, that this Court recall the said Peremptory Writ of Mandamus issued in said cause, or in the alternative stay its execution temporarily as to the Court may seem just.

"(3) That the Court grant to your Petitioners such other and further relief, either temporarily or permanent, as may to the Court seem just and as in duty bound your Petitioners will ever pray."

The following order was entered:

"That said petition having been considered by the Court, it is ordered and adjudged by the Court that further execution of the peremptory writ of mandamus issued in this cause on December 15, 1937, be and it is hereby stayed and enjoined until the further order of this Court."

This Court has held:

"The right of third persons not parties to the action to intervene in proceedings in mandamus rests wholly upon statute, no such rights existing at common law, and, in the absence of a statute so authorizing, such third persons cannot be permitted to intervene." State, *ex rel.,* v. A. C. L. Ry., 67 Fla. 458, 65 So. 654.

In this case, however, the petitioners allege facts to show they have an interest in the matter that is adjudicated in issuing the peremptory writ; and petitioners assert as a basis for such claimed interest the following: that as the court in denying a motion to quash the alternative writ has declared the law to be that the rule "first come, first served" does not apply in this case; and that the fund provided by law to pay the bonds of the Everglades Drainage District, not being sufficient to pay all and being a limited fund in the nature of assessments for benefit it is a trust fund to pay the bonds pro rata; that the peremptory writ commands all the funds in hands to be paid to relators to the exclusion of petitioners and others who have vested rights to pro rata payments from the fund; that this being so, the peremptory writ cannot legally apply to the trust fund and therefore was by inadvertence improvidently issued and should be recalled or stayed by the court, the matter being one of equity cognizance not subject to mandamus.

It thus appears that the rights of third parties not before the court are affected by the writ without a hearing. State, *ex rel.,* v. Richards, 50 Fla. 284, 39 So. 153.

Counsel for relator, referring to the return to the alternative writ, contends that as petitioners have had large payments from the fund in which relators did not participate, the relator should upon equitable principles, applicable in mandamus proceedings, be allowed the amount commanded by the peremptory writ to be paid him.

As the court had in the instant case adjudicated that the moneys in hand to be used under the statute for paying the bonded debt of the Everglades Drainage District, being a limited fund derived from an acreage tax in the nature of special assessments for benefits to the lands assessed, and being insufficient to pay all the bonds and interest coupons as they mature, the fund must be used in pro rata payments on all the bonds and interest coupons of the district as they mature, thus making the fund a trust fund to be controlled by a court of equity, and not by mandamus. The peremptory writ issued in this mandamus action commanding all the funds in hand to be paid to the holders of some of the bonds to the exclusion of others, is contrary to the express adjudication in the cause, and the stipulation upon which the peremptory writ was ordered, not being participated in by all the bondholders, did not justify the issuance of the peremptory writ; and this fact being overlooked by the court, the peremptory writ was inadvertently ordered and should be recalled as having been improvidently issued.

The court having in this case held the fund to be a trust fund not amenable to the law courts, bondholders had a right to assume that a peremptory writ would not be issued commanding all of the fund in hand to be paid to one bondholder to the exclusion of others without their consent. Petitioners bondholders here were prompt in calling to the attention of the court the improvident issue of the peremptory writ for payment to one bondholder all the funds in hand; and while the petitioners cannot intervene in the

cause, the court can and should upon the showing made by the interested parties, recall the peremptory writ before it is fully executed, and dismiss the cause without prejudice to proper equitable proceedings to control the disposition of the trust fund.

The matters presented by relator designed to show the petitioners had, before the fund was adjudged to be a trust fund for pro rata payments on the bonds and coupons as they mature, received large amounts on their bonds to the exclusion of relator and other bondholders, and that this asserted fact should justify the peremptory writ as issued, are matters for the consideration of an equity court in appropriate proceedings. Such asserted equitable rights cannot be established or enforced by mandamus proceedings; even although in mandamus proceedings equitable considerations may in proper cases guide the enforcement of *legal* rights. See State, *ex rel.,* v. Sebring, 115 Fla. 176, 155 So. 669.

If the relator bondholder has equitable rights against the asserted rights of the petitioners and other bondholders in the fund here involved, such rights may be adjudicated in a court of equity, and such equitable rights cannot be established or enforced in mandamus proceedings. The enforcement of legal rights upon equitable considerations mutually affecting the parties is not the purpose of this proceeding in mandamus, at least since this Court had adjudicated herein that the fund is not a legal but an equitable asset that must be controlled by a court of equity and not by mandamus.

The considerations upon which the stipulation for the issuance of a peremptory writ herein was predicated, looking to a release of impounded funds to provide for a proper functioning of the district for the assessment, collection and

application of statutory special acreage tax levies to pay the bonds, are properly cognizable in a court of equity.

TERRELL, J., concurs.

BUFORD, J. (dissenting).—I think the question prepared by Mr. Presiding Justice WHITFIELD is sound but for the fact that the status of parties to the cause and other litigants have been changed by relying on the order made by this Court and we have not the power to place them in *status quo ante*. Therefore, our judgment, though improvidently entered, should stand.

BROWN and CHAPMAN, J. J., concur.