C. H. BANCROFT, as Receiver of City National Bank in Miami, and TOM NEWMAN v. WILL ALLEN, et al.

190 So. 885
Division B
Opinion Filed May 5, 1939
On Rehearing August 1, 1939
Rehearing Denied Sept. 13, 1939

842

*Redfearn & Ferrell, Carl T. Hoffman, L. L. Robinson, William H. Malone and John M. Murrell,* for Appellants;

*Whitfield & Whitfield, Sibley, Giblin & Schroeder,* and *Marion E. Sibley,* for Appellees.

PER CURIAM.—The first Will Allen suit was filed on January 23, 1929, against Miami Bank & Trust Company (the original trustee), City National Bank in Miami (the successor trustee with which the City National Bank & Trust Company merged), The Trust Company (second successor trustee of which Henry H. Taylor is now receiver), W. B. Joyce, and others, alleging maladministration by Miami Bank & Trust Company and City National Bank in Miami of a real estate trust created by a deed of trust securing bonds owned by Allen and other bondholders similarly situated.

The bill alleged, *inter alia,* that United Mortgage Corporation issued $200,000.00 of gold bonds secured by a trust agreement in which it pledged certain securities of the value of $548,000.00 held by it with Miami Bank & Trust Co., as trustee; that the bonds were delivered to King-Blackburn Company who sold to plaintiff (Will Allen) at par $24,000.00 of said mortgage bonds; that on October 1, 1926, approximately thirty days before the bonds were to fall due, a second trust instrument was executed; that new bonds were issued and submitted some time during October, 1926, for the bonds of the first issue; that the City National Bank in Miami was named as trustee in the second trust instrument.

The bill prayed for an accounting from the City National Bank in Miami and the City Trust Company as Trustee for an unauthorized release of $400,000.00 of collateral

securing bonds held by plaintiff and other bondholders. The City Trust Company was charged with liability for the various breaches of trust alleged in the bill as successors trustee and under an agreement expressly assuming the liability of the City National Bank in Miami for the alleged breaches of trust.

The pleadings and proof show that the second trust indenture provided that certain Venetian Island contracts or mortgages were held as collateral, security to the bonds issued under that indenture. Thereafter, with the consent of the trustee, the second trust indenture was altered so as to eliminate the Venetian Island contracts or mortgages, and the same were delivered to W. B. Joyce, one of the bondholders. However, the circuit judge failed to find that Joyce was in any wise responsible for the fraud committed in the exchange of the bonds, but found that the bonds were exchanged under the fraudulent representations of Mr. Blackburn of King-Blackburn Company.

On March 3, 1927, The City Trust Company purchased all the trust business and trust assets of the City National Bank in Miami, and assumed all its liabilities growing out of its trust business of every nature, character and description. The City National Bank in Miami then became insolvent and in December, 1930, H. J. Spurway was appointed its national bank receiver. Spurway was succeeded by C. H. Bancroft. At the time of the receivership the City National Bank in Miami owned 880 shares of the capital stock of The City Trust Company. This stock was purchased by Morgan S. McCormick and Spurway, as receiver, received $176,000.00 as the purchase price.

In May, 1931, Will Allen filed his second bill of complaint (hereinafter referred to as the second Will Allen suit). This bill was filed for the purpose of having a receiver appointed for The City Trust Company on the

ground that its directors had placed it in voluntary liquidation and were not making reports to the State Comptroller as required by Section 6144, Compiled General Laws 1927. Upon a hearing upon this bill of complaint the Hon. H. F. Atkinson, Circuit Judge, appointed Henry H. Taylor as receiver.

Another bill of complaint was filed by Henry H. Taylor, as receiver of The City Trust Company, in the Circuit Court of Dade County, Florida, seeking to compel the receiver of the City National Bank in Miami to repay $176,000.00 which the directors of The City Trust Company had delivered to the receiver of the City National Bank in Miami for 880 shares of stock in The City Trust Company owned by the City National Bank in Miami (this suit is hereinafter referred to as the third Will Allen suit). It was contended that the purchase of the stock was made with trust funds or surplus of The City Trust Company, and for that reason was illegal and void. This case was removed to the Federal Court and on September 30, 1936, the United States District Court decreed that Bancroft, as receiver, should return the $176,000.00 to Receiver Taylor because the sale of the stock was fraudulent.

In the meantime the first Will Allen suit had proceeded to a Master's report in which the City National Bank of Miami and The City Trust Company were found to be liable to Allen and the other bondholders in the sum of $341,000.00. Upon exceptions to the Master's report the Chancellor sustained the Master's findings of fact but reduced the amount of liability of the City National Bank in Miami to the value of the released security (the exact amount and value of which had not been determined). This order of the Chancellor, entered on November 30, 1935, also removed the City National Bank in Miami as

trustee under the second trust instrument above mentioned, and substituted as trustee *pendente lite* therefor George Elkins. It was further decreed that George Elkins be substituted as plaintiff in the place of Will Allen, for the use and benefit of all the beneficiaries under said trust instrument, and that said George Elkins, as trustee *pendente lite,* should amend the bill of complaint in that case and proceed with further litigation. Under the said decree C. H. Bancroft, as receiver of the City National Bank in Miami was required to account in said case only for the collateral released known as the Venetian Island contracts.

Although this decree was entitled "Final Decree" it did not terminate the case, but instructed the *pendente lite* trustee to amend the bill of complaint and proceed with further litigation. For that reason said order, although entitled "Final Decree," can not be classed as a final decree as it did not terminate the case or finally adjudicate any of the issues. It did not remove the trustee, or finally determine his accounting; it did not appoint a new trustee, except a trustee *pendente lite* in that particular litigation; it did not determine the value of the Venetian Island contracts, but specified that "the exact amount and value of which has not been determined."

The rule which seems to furnish the best criterion in drawing the distinction between interlocutory and final decrees is that a decree is final where nothing more remains to be done in the cause, as distinguished from beyond the cause. A decree is interlocutory where it leaves any question in the cause open for future judicial determination, and is final when it fully decides and disposes of the whole merits of the cause, and leaves no further questions therein for the future judgment of the court. 21 C. J., Equity, Sec. 822, pp. 642-643; Owens v. Forbes, 9 Fla. 325; Bellamy v. Bellamy, 4 Fla. 242; State *ex rel.* Reynolds **v.**

White, 40 Fla. 297, 24 So. 160; Heverle v. Rasmussen, 103 Fla. 76, 137 So. 259; State *ex rel.* Everette v. Petteway, 131 Fla. 516, 179 So. 666.

On April 3, 1936, W. B. Joyce and others filed a motion reciting that the circuit court had adjudicated that the said W. B. Joyce was not in any way responsible for any of the fraud committed and asking that the said W. B. Joyce and others be dismissed from the case. This motion was granted and the bondholders for a consideration of $2,500.00 waived their right to appeal from any order pertaining thereto. Appellants contended that because Joyce was dismissed as a party to this suit and Allen and other bondholders waived their appeal rights, the City National Bank in Miami is released from liability to account for the value of the Venetian Island contracts.

The decree of November 30, 1935, provided:

"The court in and by its order of November 13, 1935, having been found that the City National Bank and Trust Company of Miami (the former trustee under that certain trust indenture dated October 1, 1926), released to the defendant, W. B. Joyce as trustee for the Finance & Guaranty Company of Baltimore, certain trust collateral known and designated as the Venetian Island contract (the exact amount and value of which has not been determined), and wilfully and wantonly allowed the exchange of bonds of the first indenture to be made for bonds of the second indenture at a time when the second indenture purported to encumber said released collateral for the value of which the City National Bank and Trust Company of Miami, as trustee, or its successor in interest, City National Bank in Miami, and its Receiver, C. H. Bancroft, will be and are hereby required to account to the Trustee *pendente lite* herein designated."

Neither Joyce nor the City National Bank in Miami was

held liable for the actual release of the Venetian Island contracts by the bank to Joyce. The basis of the bank's liability is predicated entirely upon its breach of trust in consenting to the release of the collateral securing the renewal bonds. The release of collateral to Joyce in no wise affected or touched the frauds upon which the bank as trustee was held liable.

By an agreement entered into on March 4, 1927, the City Trust Company had assumed "all liabilities and obligations of the City National Bank & Trust Company" (which company merged with the City National Bank in Miami in 1928) under the trusts in question. In the bill of complaint filed in the first Will Allen suit it was alleged that the "defendant, W. B. Joyce, was permitted to take the Venetian Isles contracts in the sum of $86,000.00 to secure the bonds held by the Finance & Guaranty Company, in the sum of $55,000.00." In its answer thereto the City National Bank in Miami denied all allegations of fraudulent conduct, but did not deny the value of the Venetian Isles contracts. Although the court in its decree of November 30, 1935, stated that the *exact* amount and value of these contracts had not been determined, it may be said that the *face* amount of the contracts was $83,000.00, for they are presumed to be worth their face value. First Nat. Bank v. Morgan, 213 Ala. 125, 104 So. 403; Citizens Bank of Madison v. Shaw, 132 Ga. 771, 65 S. E. 81; Ziegler v. Wells Fargo & Co., 23 Cal. 179, 83 Am. Dec. 87. Thus it appears that the claim of Allen and the other beneficiaries was bona fide, established by judicial decree, and of a *face* amount in excess of the figure at which the claim was compromised.

On August 8, 1936, Elkins, the trustee *pendente lite*, filed an amended bill of complaint in conformity with the order appointing him as such in the first Will Allen suit.

Bancróft, as receiver of the City National Bank in Miami, moved to dismiss the amended bill of complaint, and Tay-lor, as receiver of The City Trust Company also filed a motion to dismiss. Both of these motions were overruled. A motion to dismiss filed by Miami Bank & Trust Company was sustained. Bancroft, as receiver, had also filed some motions to strike portions of the amended bill of complaint which the court still held under advisement.

While the case was standing in this status, George Elkins, as trustee, petitioned Hon. Paul D. Barns, one of the Circuit judges of the Eleventh Judicial Circuit, for authority to settle the first Will Allen suit by the acceptance of an adjudicated and allowed claim against The City Trust Company and receivership of The City Trust Company in the sum of $75,000.00. This petition was granted, and Elkins thereupon wrote Taylor as receiver of The City Trust Company, stating that he was "willing to accept in settlement of said litigation an adjudicated and allowed claim against your receivership estate in the sum of $75,000.00, and to dismiss said litigation by way of compromise and settlement in the event you are willing to accept this offer." Taylor then reported to Hon. H. F. Atkinson (the Circuit judge of the Eleventh Judicial Circuit who had appointed Taylor as receiver), that he had "received an offer to compromise made by George L. Elkins and others," and prayed" the advice and judgment of the court in the premises."

Thereupon an order was entered by the Hon. H. F. Atkinson which provided, in part:

"* * * and the court being advised in the premises, and finding that the offer aforesaid for compromise is reasonable and proper and the court being desirous of adjudicating and settling all claims of the said receivership in

order to bring about an expeditious closing of said receivership, therefore,

"It Is Ordered, Adjudged and Decreed that the offer of compromise made by George L. Elkins, as trustee, for the bondholders be and the same is hereby approved and accepted."

On November 17, 1936, it was decreed that Taylor issue a certificate for an unsecured claim in the amount of $75,000.00 to Elkins, as trustee for Will Allen and the other bondholders. On the same date, November 17, 1936, Elkins presented a motion to dismiss the first Will Allen suit on the ground that he had settled the same. The settlement was made without notice to Bancroft and his attorneys. The Circuit Court, on November 18, 1936, entered an order dismissing the case known as the "first Will Allen suit," and Bancroft first obtained knowledge of same when notice appeared in the newspapers the following day.

In the meantime, on September 30, 1936, the United States District Court in the third Will Allen suit had decreed that Bancroft, as receiver of the City National Bank in Miami, should return the $176,000.00 to Taylor as receiver of the City Trust Company because the sale of The City Trust Company stock was fraudulent and should be set aside. Bancroft's appeal from this decree was pending when the first Will Allen suit was compromised and dismissed.

On July 19, 1937, the decree of the United States District Court was reversed. The opinion of the Circuit Court of Appeals stated:

"Plaintiff below, appellee here, is the State court receiver of the City Trust Company, appointed on the bill of one Will Allen, claiming to be a creditor of the trust company and of others named as defendants, to liquidate

its assets, pay its debts, and wind up its affairs. Appellant is the receiver of the insolvent City National Bank, appointed by the Comptroller of the Currency to liquidate the bank's affairs." * * *

"There was no testimony showing, or tending to show, that at the time of the distribution the company was insolvent; that is, owed debts in excess of its assets. On the contrary, its statements as of the date showed it to be completely solvent, both before and after the distribution; that is, to have more than enough assets to pay its admitted or established debts." * * *

"We agree·with appellant, though, that there is no warrant in the evidence for the finding that the receipt of the liquidating dividend rendered the company insolvent, and that there is therefore none in law, on the record we have, for the decree complained of. According to every calculation and showing the assets of the trust company were considerably in excess of its liabilities when the transaction in question occurred. According to every calculation and showing it was solvent then. By the clear preponderance of the evidence it is solvent now, unless the uncertain, unliquidated, and unadjudicated claim of Allen is taken into account." * * *

"Here are two estates, the estate of a national bank represented by its receiver, the estate of a trust company, represented by its receiver. If the trust company was made insolvent when the receiver of the national bank took its assets as a liquidating dividend, in payment of his stock, it may not be doubted that the receiver of the trust company should have the assets back, at least to the extent necessary to satisfy the trust company's creditors. On the other hand, we think it may equally not be doubted, that, in the absence of a showing of insolvency, the transaction would be unimpeachable. Further, it may not be doubted,

we think, that even if the company was rendered insolvent at the time, as a result of the transaction, but is solvent now, that is, its assets or its earnings in the State receiver's hands have increased in value since the transaction, so as to be sufficient to pay all its debts, leaving none unpaid, the mere fact that there was a wrongful distribution of assets would not justify a court of equity in ordering the national bank receiver to turn the assets over to the State receiver, merely to have that receiver turn them back to the national bank receiver."

"There is no basis, therefore, in the record for a finding that the complained of distribution rendered the trust company insolvent, and there will be none, unless and until Allen's unliquidated, uncertain, and greatly contingent claim is established in the State court, where it is pending, as having existed as a debt when the complained of transfer of assets occurred, or unless additional evidence of the effect of that transfer upon the company's solvency is offered.

"Unless and until then the Allen claim is established, or there is further proof of the effect of the complained of transfer, there is, and there will be, no bais or warrant for a decree directing the national bank receiver to pay moneys belonging to his trust, to the State receiver.

"Finally, as the suit deals with real equities, if Allen's claim should be established for any sum, and it should be thereupon determined that the trust company was rendered insolvent by the distribution, and is to any extent insolvent now, there should not be a decree for the whole sum distributed by the dividend, but only for the amount of it by which it was made insolvent, and which is needed to pay off any of its unpaid creditors." Bancroft v. Taylor, 91 Fed. (2d.) 579.

As the first Will Allen suit in which Bancroft as receiver

was named as a party defendant had been dismissed, he and Tom Newman, appellants herein, filed a petition to intervene in the second Will Allen suit, now under consideration, setting up the facts as enumerated herein. The circuit court refused to allow the intervention, and he was reversed by this Court. This Court directed that the intervention be allowed, and that the circuit court "proceed with the making of appropriate decrees after a full hearing upon the issues joined." See Bancroft v. Allen, 128 Fla. 14, 174 So. 749.

In making the mandate of the Supreme Court the order of the lower court the circuit judge directed the intervenors to file anew their petition and to separate the accounting sought from Henry H. Taylor, as receiver, from that part of the petition asking that the order allowing the $75,000.00 settlement be vacated. These two petitions were filed, and the petition seeking to vacate the order allowing said unscured claim of $75,000.00 is the petition now before the Court for consideration. This petition alleged that the intervenor Tom Newman is one of the depositors of the City National Bank in Miami and the City National Bank in Miami and its receivership is a creditor of The City Trust Company in the amount of $9,124.27. The petition was denied by the lower court.

The power of courts over their own receivers, including their authority to control them in the settlement of all demands against the property held by them in their capacity as receivers, is well established, and as officers of the court it is their duty to obey all orders of the court in this regard. It is equally the duty of the court appointing a receiver to compel the settlement of claims against the property in his possession in the most expeditious manner, and so as to avoid litigation and expenses to the fund in charge of the court. The right of a receiver to settle claims and

compromise actions with the approval and sanction of the court is well recognized, and, in the absence of an abuse of discretion, the action of the court in authorizing its receiver to compromise an action will not be disturbed upon appeal. Clark on Receivers (2d Ed.), Vol. I, Secs. 366, 655, pp. 480, 922; *Id.,* Vol. II, Sec. 770, p. 1157; High on Receivers (4th Ed.), Sec. 177, p. 210; Macdonald v. Aetna Indemnity Co., 88 Conn. 565, 92 Atl. 154; State v. Bank of Rushville, 57 Neb. 608, 78 N. W. 281; Gordon v. Hartford Sterling Co., 319 Pa. 174, 179 Atl. 234; 5 C. J. S., Appeal and Error, Sec. 1592, p. 489.

It necessarily follows that the only other question to be determined is whether, under the circumstances of this case, the failure of Bancroft as receiver of the City National Bank in Miami to receive notice of the compromise amounted to an abuse of judicial discretion.

At the time the compromise was effected (November 16, 1936) a final decree had been rendered by the United States District Court in the third Will Allen suit (September 30, 1936) requiring Bancroft as receiver of the City National Bank in Miami to return to Taylor as receiver of The City Trust Company $176,000.00, which Receiver Bancroft had unlawfully withdrawn from the capital, surplus and trust funds of the City Trust Company. The Federal court had decided that these funds had to be returned without regard to whether or not the Allen claim was established. Bancroft v. Taylor, 16 Fed. Supp. 566.

It follows that the compromise of the Allen claim could not have been made for the purpose of creating any liability against Bancroft as receiver on behalf of Taylor as receiver of The City Trust Company. After the compromise had been made and on July 19, 1937, the United States Circuit Court of Appeals, for the Fifth Circuit held that Bancroft as receiver should not return the assets

fraudulently withdrawn from The City Trust Company to Taylor unless it appeared that the withdrawal of the assets had rendered The City Trust Company insolvent, and then the liability should be for such debts of The City. Trust Company as remained unpaid after the assets of the receivership had been exhausted. Bancroft v. Taylor, 91 Fed. (2d) 579. Therefore, there was no established relationship between the Allen claim and Bancroft's liability to Taylor for the conversion of the assets of The City Trust Company at the time the compromise was effected.

Bancroft, as receiver, in the Federal Court obtained a preference in distribution of The City Trust Company's assets which was harmful in event of insolvency of The City Trust Company and harmless in event of solvency of The City Trust Company. Whether or not the allowance of the claim of Trustee Elkins (for Will Allen and other bondholders) by Receiver Taylor makes The City Trust Company insolvent has not been shown. It thus appears that Receiver Bancroft's liability to Receiver Taylor is or *may be* that which Receiver Taylor may owe Trustee Elkins.

The City National Bank in Miami occupies a dual status in its relationship to The City Trust Company. One status is that of a creditor of The City Trust Company for $9,124.27, as set forth in the petition, as well as a stockholder creditor as determined by the Federal suit, and the other status is that of surety for The City Trust Company by reason of The City Trust Company having assumed and agreed to discharge certain duties which were originally the obligations of The City National Bank of Miami.

As a stockholder of a going concern Bancroft as receiver would have been entitled to no notice of a compromise of a claim by the managers of the corporation with one of its creditors. His position as a stockholder in a corporation

in the hands of a receiver liquidating its affairs is no stronger. Marcovich v. O'Brien, 63 Ind. App. 101, 114 N. E. 100.

As a general rule, where a claim in receivership is doubtful and application is made for authority to compromise, *to which creditors object,* the court should approach the question from a business standpoint and make the same inquiry as in the ordinary cases of compromise *where no objection is made,* that is, as to the validity of the claim and the delay and expense involved in contesting same. Gordon v. Hartford Sterling Co., *supra.* The appellants have failed to allege any facts showing that the finding of the Court, that the compromise was reasonable and proper and for the best interests of the business, was incorrect.

At the time the compromise was effected Bancroft as receiver of the City National Bank was not a party to the receivership proceedings (second Will Allen suit) and had filed no claim either as a stockholder or a creditor of the receivership. It has developed that when The City Trust Company uses its own assets to discharge an obligation which was originally that of the City National Bank in Miami and which was assumed by The City Trust Company, that the City National Bank in Miami by its petition now complains because it, as a creditor of The City Trust Company, suffers financially in that it will not receive as great a dividend on its $9,124.27 as it otherwise would, and in event of insolvency will not have the benefit of the advancement to it of $176,000.00 as a stockholder creditor, and says said obligation was not due Trustee Elkins in the first instance and that to allow same operates as a constructive fraud upon the interest of the said City National Bank of Miami.

The circuit judge in his order denying appellant's petition said:

"Can one who intervenes *pro interesse suo* in a litigation suit after the allowance of a claim against a receiver (upon the court's order) complain and have reheard the allowance of said claim? I think so, other equities being absent, when fraud is made to appear either actually or constructively.

"I fail to find that either actual or constructive fraud appears from the facts plead (other than conclusions) in said petition when considered with the established facts * * *"

No charge is made in the petition that the order of compromise was entered into through inadvertence, improvidence, accident or mistake, and the facts fail to show actual or constructive fraud.

In accordance with the compromise agreement, Trustee Elkins for and on behalf of Will Allen, and the other bondholders, acting and dependent upon the order of the Circuit Court, dismissed the first Will Allen Suit then pending in the Circuit Court of Dade County, Florida, and surrendered the bonds for cancellation. The appellees, acting in good faith and relying upon the order made by the Circuit Court, have surrendered valuable vested rights, in that the bonds have been cancelled and are not shown to be in the custody or control of the bondholders or their trustee. The status of the parties to the cause have been changed by relying on the order of compromise and we have not the power to place them in *status quo ante*. Even though it might be contended that the order of compromise was improvidently entered without notice to Receiver Bancroft, appellants have not shown that the parties could be placed in *status quo ante* and the order of compromise should stand. Lawler v. Knott, 130 Fla. 424, 178 So. 420.

We are therefore of the opinion that although the order was entered without notice to Receiver Bancroft, he has

failed to show that, under the circumstances of this case, such lack of notice amounted to a clear abuse of judicial discretion. The order of the lower court denying the petition of appellants, intervenors in the court below, to vacate the order allowing the said unsecured claim against the receivership assets of the City Trust Company to be compromised for the sum of $75,000.00, must therefore be affirmed.

The only question remaining is whether or not the order here appealed from is in conflict with our holding on the former appeal, Bancroft v. Allen, 128 Fla. 14, 174 So. 749, which was that:

"In any event, Bancroft, as receiver, by virtue of his interest, has under the statute a right to intervene *pro interesse suo* in order that his interests may be estabilshed, if any exist, and recovery had to the extent of a due and proper proportion of the Company's assets efficiently and economically administered.

"The decree of the Circuit Court declining to allow the intervention and striking the petition from the files is reversed with directions to permit the defendants to interpose such pleadings as they may desire and to proceed with the making of appropriate decrees after a full hearing upon the issues joined."

What the court evidently had in mind was that if the compromise adversely affected Bancroft's rights, either as a creditor or stockholder of the City Trust Company, though not a party to the receivership proceedings, he had a right to intervene and show if he could, that the compromise was improperly made, and thereby procure the vacation of the order allowing the compromise.

This right was accorded him, and he was admitted as a party to the receivership proceedings and given full opportunity to establish by his pleadings that the compromise

was improperly allowed. The lower court held that the facts alleged in the petition were not sufficient to establish the right to the relief prayed. This ruling, if correct, rendered the taking of testimony unnecessary. As above stated, we find no error in this ruling of the lower court.

The order appealed from is accordingly affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

THOMAS, J., concurs in opinion and judgment.

Justices TERRELL and BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

## ON PETITION FOR REHEARING

PER CURIAM.—Since filing the original opinion in this case on May 5, 1939, a petition for rehearing and an amendment thereto have been filed by appellants in this cause within the time prescribed by the rules of this Court. The Court, upon the consideration of the several grounds appearing in the petition and amendment thereto, entered an order granting a rehearing, when the case was orally argued and thoroughly presented at the bar of this Court by counsel for the respective parties.

We do not think it necessary to consider or pass upon all the grounds of the petition and amendment thereto, neither is it necessary to restate the facts of this case, because the same are elaborately and accurately set forth in the former opinion of this Court as prepared by the Honorable WILLIAM H. ELLIS, former Chief Justice of this Court, and reported in 128 Fla. 14, 174 So. 749. The facts recited in the original opinion of this Court adopted May 5, 1939, cover and well present each material and minute detail, and in addition thereto are supplemented by important facts in the statement as prepared by Mr. Justice ELLIS.

The appeal here is from an order dated April 8, 1938, entered by the Honorable Paul D. Barns, Circuit Judge of Dade County, Florida, which denied or disallowed a petition for the purpose of obtaining an order vacating and disallowing and decreeing null and void the order allowing an unsecured claim in the sum of $75,000.00, previously approved by an order of the Circuit Court of Dade County, Florida, dated November 17, 1936, and the petition so denied was presented by C. H. Bancroft, as receiver of the City National Bank in Miami, and Tom Newman, a depositor of the City National Bank in Miami.

The order denying the petition of intervention for the purpose of obtaining an order to vacate a previous order dated November 17, 1936, entered by the lower court, was based on a motion to dismiss filed in the name of Will Allen, a bondholder, containing the grounds, viz: (1) there is no equity in said petition; (2) the petition sets forth no cause for equitable relief; (3) the petition sets forth no cause or grounds for the vacation of the order allowing unsecured claims.

The sole question presented by this appeal on this rehearing is whether or not the petition of intervention contains sufficient allegations of law and fact to support a decree declaring void *ab initio* the order dated November 17, 1936, approving and allowing an unsecured claim in the sum of $75,000.00. The lower court, by its order appealed from, held that the petition for intervention was insufficient and denied the same. It is possible that the lower court overlooked or failed to consider the decision of this case when here last and which is reported as Bancroft v. Allen, 128 Fla. 14, 164 So. 749.

The following language was used in the former opinion of this Court in 128 Fla. text pages 16, 17 and 18, viz.:

"The petition for leave to intervene contains the prayer

'That, after the allowance of this petition for leave to intervene, it be construed as their bill of intervention for relief in this case, without the necessity of filing a further bill of intervention or other pleadings; that Henry H. Taylor, as Receiver of the City Trust Company, Will Allen, and all other interested parties be required to plead to this intervention within' such reasonable time as the court may 'fix, and that thereafter testimony be taken without delay.'

"The petition further attacked the regularity and validity of the establishment of a debt of $75,000.00 against Taylor as receiver of the City Trust Company in which the petitioner C. H. Bancroft, as receiver of the 'City National Bank in Miami, claims a direct interest and as to which it is prayed that an order allowing the payment of the $75,000.00 be set aside upon the grounds of' collusion between the receiver and the attorneys employed to represent him. The said amendment adopted all the prayers set forth in the original petition." * * *

"The order of the lower court also contains the following clause: 'The ground for intervention most strongly urged in the petition and amendment and in argument of counsel is that the intervenors should have an opportunity to contest the compromise settlement entered into before Judge Paul D. Barns and approved by Judge H. F. Atkinson in what is known as the Will Allen suit. The denial of the petition to intervene will not deprive petitioners of any of their rights, as they may move in the proper forum to reopen the compromise settlement, and ask to be given an opportunity to be heard in opposition thereto.'"

This Court in considering the sufficiency of the petition of intervention then before it in Bancroft v. Allen, *supra,* used the following language at text pages 23 and 24, viz:

"These allegations sufficiently show the interest of the purchaser, Bancroft, as receiver of the City National Bank in Miami, in the administration of the assets of The City Trust Company by Henry H. Taylor, as receiver.

"The petition, which is very long and sets forth as clearly as the intricate and complex interests of the various corporations involved permits, contains many allegations of fact which are merely evidentiary of the right of the petitioners to intervene in the case. These numerous allegations of evidentiary facts were probably made by the pleader to avoid, as was stated in the petition, the necessity for filing a bill of intervention in the event the application to intervene should be allowed, so that the petition might be considered as a bill of intervention without any further amendments to the petition than were made.

"It is clear from the allegations of the petition that the efficient administration of the assets of The City Trust Company in the hands of Henry H. Taylor, as receiver, is questioned both because, as it is alleged, there has been waste and much extravagance in such administration, as well as conspiracy between the receiver and counsel, which he has employed at various times, to exhaust the assets of the corporation, not in the interest of its creditors, but in the interests of those who are alleged to have charged unreasonably high fees for unnecessary services.

"The interests of Bancroft as receiver, in the assets of The City Trust Company and the due and proper administration of such assets would entitle him to the right of an accounting against the receiver and an investigation of the latter's activities in the administration of the corporation's assets. Such a bill may have been filed, against the receiver by consent of the court. The petition in this case might just as well have been treated as an application to

file such a bill. Doke v. Williams, 45 Fla. 248, 34 South. Rep. 569.

"In any event, Bancroft, as receiver, by virtue of his interest, has under the statute a right to intervene *pro interesse suo* in order that his interests may be established, if any exist, and recovery had to the extent of a due and proper proportion of the Company's assets efficiently and economically administered.

"The decree of the Circuit Court declining to allow the intervention and striking the petition from the files is reversed with directions to permit the defendants to interpose such pleadings as they may desire and to proceed with the making of appropriate decrees after a full hearing upon the issues joined."

It will be observed that this Court in Bancroft v. Allen, *supra,* not only approved the petition to intervene so presented, but approved and held that the allegations of law and fact were sufficient as a bill of intervention. We have compared the allegations of the petition denied by the lower court in the case at bar with the allegations of the bill of intervention in Bancroft v. Allen, *supra,* and find that the petition dismissed by the lower court contains all the substantial material allegations of the bill of intervention in the suit of Bancroft v. Allen, *supra.* The case at bar is ruled by Bancroft v. Allen, *supra,* which settled the law of this case in respect to the sufficiency of the allegations of the petition, and the order assigned as error on this appeal is a departure therefrom. Our former opinion of May 5, 1939, likewise overlooked the substantial similarity of the petition for the intervention held to be legally sufficient on the prior appeal in this case, when compared with the petition filed in the lower court and the denial of which is sought to be reviewed on the present appeal. Our former opinion, filed May 5, 1939, in this appeal, in so far as the

same is in conflict. with or inconsistent with this opinion, is hereby receded from, and altered and modified, but in so far as said opinion is consistent with this opinion, it is adhered to.

The order appealed from is reversed with directions for further proceedings in the lower court not inconsistent with this opinion.

It is so ordered.

WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

BROWN, J., concurs in conclusion.

THOMAS, J., dissents.

Justice TERRELL not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.