C. H. BANCROFT, as Receiver of the City National Bank in Miami and Tom Newman, v. WILL ALLEN, the City Trust Company, Guardian Trust Company, Guardian Company, Administrator Company, Morgan S. McCormick, A. W. Gustus, R. C. Fenters, Amos Travis, Ralph H. Buss and Henry H. Taylor as Receiver and as Trustee of the City Trust Company.

174 So. 749.

En Banc.

Opinion Filed March 8, 1937.

Petition for Rehearing Denied June 17, 1937.

*W. H. Malone, John M. Murrell* and *Redfearn & Ferrell,* for Appellants;

*Richard H. Hunt, Marion E. Sibley, Lilburn R. Railey, Mitchell D. Price & Charles W. Zaring,* for Appellees.

ELLIS, C. J.—This is an appeal from an order of the Circuit Court for Dade County in the case of Will Allen, complainant, v. The City Trust Company, Guardian Trust Company, Guardian Company, Administrator Company, Morgan S. McCormick, A. W. Gustus, R. C. Fenters, Amos Travis and Ralph H. Buss, defendants, denying and striking from the files an application of C. H. Bancroft, as receiver of the City National Bank in Miami, and Tom New-

man, to intervene *pro interesse suo* in the case pending in the Circuit Court for Dade County, and entitled as set forth above.

The petition for leave to intervene contains the prayer "That, after the allowance of this petition for leave to intervene, it be construed as their bill of intervention for relief in this case, without the necessity of filing a further bill of intervention or other pleadings; that Henry H. Taylor, as Receiver of the City Trust Company, Will Allen, and all other interested parties be required to plead to this intervention within such reasonable time as the court may fix, and that thereafter testimony be taken witnout delay."

An amendment to the petition for intervention was later filed alleging other grounds as a basis for intervention involving the accuracy of the reports of Henry H. Taylor as receiver of the City Trust Company and alleging extravagance in the administration of the affairs of the City Trust Company; attacking the validity of certain orders made by the Chancellor approving certain reports of the receiver and allowances for attorneys' fees, on the grounds of the Chancellor's disqualification; that the orders made in the case were beyond the scope of the prayers contained in the bill in the cause hereinbefore stated in that the sole purpose of that suit was the appointment of a receiver to take charge of the assets of the City Trust Company while the question of the liability to Will Allen and other bondholders similarly situated was being litigated in a certain case pending in the Circuit Court for Dade County in which Will Allen was complainant and the City National Bank in Miami and City Trust Company, *et al.*, were defendants, and known as cause No. 25963.

The petition further attacked the regularity and validity of the establishment of a debt of $75,000.00 against Taylor

as receiver of the City Trust Company in which the petitioner C. H. Bancroft, as receiver of the City National Bank in Miami, claims a direct interest and as to which it is prayed that an order allowing the payment of the $75,000.00 be set aside upon the grounds of collusion between the receiver and the attorneys employed to represent him. The said amendment adopted all the prayers set forth in the original petition.

On January 11, 1937, the Honorable Jefferson B. Browne, as Circuit Judge of the Eleventh Judicial Circuit, entered an order in which he denied the petition for intervention and ordered the same stricken from the files.

The learned judge, however, definitely stated in his order that he would consider the petition on its merits thereby deeming it to be properly before him, yet in the latter part of his order he stated that the petition not having been properly filed it should be dismissed and stricken from the files. There appears in the order from which the appeal is taken the following clause:

"The petition for intervention contains defamatory charges against reputable members of the Bar of this Court, which charges, upon careful consideration of the argument of the counsel and examination of the record, I have no hesitation in pronouncing unwarranted. The charges against the Receiver and the several attorneys named in the petition are so serious that I feel that these officers are entitled to have the Court pass upon them. I, therefore, find that there is nothing in the record to warrant the charges against Henry H. Taylor, as an attorney of this Court, or as Receiver of the City Trust Company, Lilburn R. Railey, his attorney, William H. Burwell and Marion E. Sibley, and I fully exonerate them from the imputations in the petition."

18

The order also contains the following clause:

"The ground for intervention most strongly urged in the petition and amendment and in argument of counsel is that the intervenors should have an opportunity to contest the compromise settlement entered into before Judge Paul D. Barns and approved by Judge H. F. Atkinson in what is known as the Will Allen suit. The denial of the petition to intervene will not deprive petitioners of any of their rights, as they may move in the proper forum to reopen the compromise settlement, and ask to be given an opportunity to be heard in opposition thereto."

The learned Judge, therefore, after having considered the petition on its merits and exonerated the receiver of the City Trust Company and the attorneys employed by him at different times in the administration of his receivership and determining that the petitioners would not be deprived of any of their rights to move in the proper forum to reopen the compromise settlement in which the petitioners alleged that they have an interest, denied the petition and ordered it to be stricken from the files. From that order an appeal was taken and a writ obtained from this Court in aid of its jurisdiction, under the provisions of Section 5 of Article V of the Constitution, in which it was ordered that Henry H. Taylor, as receiver and as trustee of the City Trust Company, and Will Allen were required to show cause before the Supreme Court at 10:00 o'clock A. M. Tuesday, January 26, 1937, why the said Henry H. Taylor as receiver and as trustee of The City Trust Company, and as an officer of the Circuit Court, should not be restrained and enjoined from surrendering the $75,000.00 receivership certificate of The City Trust Company held by him for George Elkins, as trustee, to anyone and why he should not be directed to hold the same in his custody in the same

manner as issued until the further order of this Court; and in the meantime that Taylor, as receiver and as trustee of The City Trust Company, and Will Allen, be also restrained and enjoined from surrendering the $75,000.00 receivership certificate to anyone and they were directed to hold the receivership certificate in the same manner as issued until the further order of the Supreme Court.

To that order to show cause Allen, individually, and Taylor, as receiver, filed their returns in which the former asked that the constitutional writ be denied and the latter, Taylor, prayed for a denial of the writ and the expunging of certain matters from the petition, which he alleged to be "scandalous and impertinent charges against" him.

In response to these returns the appellants moved to strike the returns of Allen and Taylor and the case was orally argued upon the merits before the Supreme Court on February 2, 1937.

Much attention was given both in the return to the rule to show cause and in the oral argument to what counsel were pleased to say were impertinent and defamatory charges against the receiver, Taylor, and counsel employed by him. A careful reading of the petition for intervention, in our opinion, will not justify the assertion that there is any language contained in it of a defamatory or scandalous character against either Mr. Taylor, the receiver of the City Trust Company, or the counsel employed by him in the litigation, which he deemed to be necessary to discharge the trust committed to him.

It seems to us that what counsel have been pleased to term allegations reflecting upon the receiver and themselves are nothing more than allegations of waste and extravagance in the administration of the trust.

In any case such allegations were not essential as a basis

for intervention, however pertinent they may be whenever questions affecting the disbursement of the funds and a statement of the receiver's accounts may be required by the court.

The only question involved in this controversy is whether the petition shows sufficient ground for intervention on the part of C. H. Bancroft, as receiver, and Newman, his co-petitioner, and the right of the petitioners to an appeal from an order striking the petition interposed by them from the files.

Section 9 of Chapter 14658, Acts of 1931 (McCarthy's Chancery Act, 2nd Ed. p. 36), provides that any one claiming an interest in the litigation may at any time be permitted to assert his right by intervention. The rule provides that such intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion.

According to a note of the committee appended to this section, it is the same as the last sentence of federal equity rule 37, with the interpolation of the words: "unless otherwise ordered by the court in its discretion." These words, according to the committee note, are intended to vest in the Court the discretionary power to permit an intervenor to question the propriety of the main proceeding. Ordinarily an intervenor must take the case as he finds it and is not permitted to question the propriety of the proceedings, but this statute was intended to vest in the court the discretion to permit the intervenor to do so.

Where the right to intervene is granted by statute the rule does not obtain that the court is vested with discretion to grant or deny the intervention. The court should grant the application if the matters shown entitle the applicant to intervene and the application is made in due time. The

fact that the intervenor has some other and adequate remedy for the protection of his property and rights is no bar to his right to intervene. If the application is supported by a verified petition, the averments therein, so far as they are well pleaded, should be taken as true in determining whether the application should be allowed. See 20 R. C. L. 689; Baca v. Anaya, 14 N. M. 382, 94 Pac. Rep. 1017, 20 Ann. Cas. 77; Note; 123 A. S. R. 288.

The statute in this State permits an intervention at any time by one claiming an interest in the litigation. See Sec. 9, Chap. 14658, *supra*.

Section 4961 C. G. L. 1927, provides that appeals may be taken and prosecuted from any interlocutory order.

A person who asserts an interest in the subject matter of litigation and files a petition to intervene *pro interesse suo* in the case thereby makes himself technically a party to the cause which will enable him to take an appeal from an interlocutory adverse ruling to his right to intervene. See Coburn v. Smart, 53 Cal. 742, where it was held that sureties whose right to intervene was denied by the court might prosecute an appeal from such an order. That decision was rendered under a statute which provided that any person at any time who has an interest in the litigation may intervene.

If it should be objected that the dismissal of the petition for intervention in this case is not a final decree which would support an appeal, the contradiction of that proposition may be found in the case of State v. Henry, 60 Fla. 246, 53 South. Rep. 742, where it was held that a writ of error would lie to the denial by the trial court of a writ of quo warranto upon application by one claiming title to an office. Mr. Justice SHACKLEFORD, in his dissenting opinion in that case, said that two prerequisites to the right

of review must exist, viz.: finality and involuntariness, and he found that in the denial of the writ both elements requisite to a review existed.

According to the allegations of the petition in this case, the interest of C. H. Bancroft, as receiver of the City National Bank in Miami, consists of a claim against certain funds in the hands of Henry H. Taylor, as receiver of The City Trust Company, which it is alleged in the petition are about to be paid to George Elkins, as trustee, in place of the City National Bank and Trust Company of Miami which had been acting as trustee under the second bond issue issued by the United Mortgage Corporation. His interest consists also, according to the allegations of the petition, of a claim against the City Trust Company in the sum of more than $9,000.00.

When the City National Bank in Miami went into liquidation and H. J. Spurway was appointed receiver, it owned 880 shares of the stock of The City Trust Company, which had been formed to continue the business of the City National Bank and Trust Company of Miami, including the trust business of the Miami Bank and Trust Company. Spurway, as receiver of the City National Bank in Miami, which owned 880 shares of the stock of the City Trust Company, agreed to sell that stock to the Administrator Company for $176,000.00 The sale was completed and the money paid over to the City National Bank in Miami and the 880 shares of stock in The City Trust Company were delivered to the Administrator Company, the purchaser. Later when Henry H. Taylor became the receiver of The City Trust Company in a suit brought by Will Allen, and numbered as Chancery case 32681, he, Taylor, as such receiver, brought a suit in the Circuit Court for Dade County to cancel and set aside that sale of stock. The case was

removed to the United States Court. Bancroft had succeeded Spurway as receiver of the City National Bank in Miami. The United States Court for the Southern District of Florida decreed that the sale of stock by Spurway, as receiver of the City National Bank in Miami, was void and that that Bank should return to the City Trust Company the money which the Bank had received for the shares which it held of The City Trust Company, and which it had sold to the Administrator Company. Bancroft, as receiver, appealed that case.

If the decision of the United States Court is reversed, then Bancroft, as receiver of the City National Bank in Miami, will have no claim against The City Trust Company on that account, but if the decision is affirmed, then Bancroft, as receiver of the City National Bank in Miami, will have an interest as stockholder, of practically all of the stock of The City ·Trust Company, because he will be required to return to The City Trust Company, or Taylor as receiver, the $176,000.00 which the Bank received from the sale of 880 shares of stock in The City Trust Company.

These allegations sufficiently show the interest of the purchaser, Bancroft, as receiver of the City National Bank in Miami, in the administration of the assets of The City Trust Company by Henry H. Taylor, as receiver.

The petition, which is very long and sets forth as clearly as the intricate and complex interests of the various corporations involved permits, contains many allegations of fact which are merely evidentiary of the right of the petitioners to intervene in the case. These numerous allegations of evidentiary facts were probably made by the pleader to avoid, as was stated in the petition, the necessity for filing a bill of intervention in the event the application to intervene should be allowed, so that the petition might be considered

as a bill of intervention without any further amendments to the petition than were made.

It is clear from the allegations of the petition that the efficient administration of the assets of The City Trust Company in the hands of Henry H. Taylor, as receiver, is questioned both because, as it is alleged, there has been waste and much extravagance in such administration, as well as conspiracy between the receiver and counsel, which he has employed at various times, to exhaust the assets of the corporation, not in the interest of its creditors, but in the interests of those who are alleged to have charged unreasonably high fees and fees for unnecessary services.

The interests of Bancroft, as receiver, in the assets of The City Trust Company and the due and proper administration of such assets would entitle him to the right of an accounting against the receiver and an investigation of the latter's activities in the administration of the corporation's assets. Such a bill may have been filed against the receiver by consent of the court. The petition in this case might just as well have been treated as an application to file such a bill. Doke v. Williams, 45 Fla. 248, 34 South. Rep. 569.

In any event, Bancroft, as receiver, by virtue of his interest, has under the statute a right to intervene *pro interesse suo* in order that his interests may be established, if any exist, and recovery had to the extent of a due and proper proportion of the Company's assets efficiently and economically administered.

The decree of the Circuit Court declining to allow the intervention and striking the petition from the files is reversed with directions to permit the defendants to interpose such pleadings as they may desire and to proceed with the making of appropriate decrees after a full hearing upon the issues joined.

WHITFIELD, TERRELL, BROWN, BUFORD, and DAVIS, J. J., concur.