CLARENCE E. CARR, Trustee for Charles H. Carr, Appellant,
v. FRANK P. CARLISLE, Appellee.

200 So. 529
Division A
Opinion Filed February 18, 1941

202

*Jennings & Coffee,* for Appellant;

*Katz & Katz,* for Appellee.

BUFORD, J.—Clarence E. Carr, Trustee for Charles H. Carr, filed bill of complaint in the Circuit Court of Duval County, Florida, against Frank P. Carlisle.

The bill alleged that plaintiff had in his possession certain money placed in his hands by Charles H. Carr for the purpose of investment; that between April 20 and 25, 1939, the plaintiff entered into an agreement to purchase certain lands described from Federal Land Bank of Columbia; that plaintiff made a down payment to Federal Land Bank of Columbia on a total purchase price of $3500.00 on one farm from funds and money placed in his possession by Charles H. Carr and that he made a payment of $650.00 on a total purchase price of $5000.00 on the other farm with money placed in his hands by Charles H. Carr for investment purposes. That for convenience plaintiff had contract to purchase the second farm, and receipt of the down payment, made in the name of plaintiff's brother-in-law defendant Frank P. Carlisle. That between April 20, 1939, and January 18, 1940, the plaintiff with other funds placed in his hands by Charles H. Carr furnished and equipped the farms

and farm houses with all the various farming instruments and implements necessary for efficient operation of said farms; that on or about April 25, 1939, plaintiff engaged his brother-in-law defendant Frank P. Carlisle, to. operate the farms and that the defendant was to have no interest in the farms or other items, but was working for salary. That defendant had sold and was selling off produce on the farms without permission of the plaintiff and is keeping the proceeds and refuses to make an accounting therefor. That the defendant is an irresponsible person and the plaintiff believes and fears that defendant will sell the crops along with other farm produce, to .the great loss of the plaintiff.

That bill was filed on January 24, 1940. On February 8, 1940, Charles H. Carr filed petition to intervene. In the petition Charles H. Carr denied that the funds referred to in the bill of complaint were placed in the hands of Clarence E. Carr for investment purposes and alleged that the same were entrusted by petitioner to Clarence E. Carr for safe-keeping and that the investment of the funds was without the knowledge or consent of Charles H. Carr. And that such investment was contrary to the wish and desire of the petitioner and in violation of the trust; that he has often made demand upon Clarence E. Carr for the return of the money but said Clarence E. Carr has refused to return the same and withholds the same and withholds all property, real and personal, purchased with said funds, that on January 29, 1940, petitioner served on Clarence E. Carr a revocation revoking any and all trust and any powers of attorney which petitioner gave or might have given theretofore to the said Clarence E. Carr. That petitioner is the real party at interest as plaintiff in this cause and that it is detrimental to his interest to permit Clarence E. Carr to continue this suit in his behalf and that it is against his wish

and desire to have Clarence E. Carr as Trustee, or otherwise, to act for him in this action or otherwise and that petitioner desires to be substituted as plaintiff in this cause in lieu of Clarence E. Carr, trustee for Charles H. Carr, without prejudice to the proceedings had herein and that this action proceed accordingly.

Thereafter, on February 13, Clarence E. Carr filed an amended bill of complaint in which he did not describe himself as trustee and from which he eliminated all reference to having received or having possession of the money invested from Charles H. Carr. Otherwise, this bill of complaint was to all intents and purposes the same as the original bill of complaint.

On February 24, 1940, defendant Frank P. Carlisle moved to dismiss the amended bill of complaint and also filed motion to vacate order appointing receiver. On the same day the court entered its order striking the amended bill of complaint, set aside the injunction issued against the defendant on the 24th day of February, 1940, denied motion to vacate the order appointing the receiver and denied motion to dismiss the bill of complaint.

The court also, on February 22, entered an order denying petition to substitute Charles H. Carr as plaintiff in lieu of Clarence E. Carr, trustee for Charles H. Carr, and the other relief prayed by Charles H. Carr by decree as follows:

"It is Ordered, Adjudged and Decreed as follows:

"1. That said petition be and it is hereby denied without prejudice to any of the rights of Charles H. Carr herein and without prejudice to any of his rights or right to any relief prayed for by him in that certain case now pending in the Circuit Court, Fourth Judicial Circuit, Duval County, Florida, wherein he, the said Charles H. Carr, is plaintiff, and Clarence E. Carr and Alice Carr, his wife, and the Florida National Bank, a corporation, are defendants, said

case bearing No. 43812-E or any of the proceedings had or to be had therein.

"2. That Charles H. Carr be and he is hereby granted leave to file herein a bill of intervention on or before February 24, 1940.

"3. That Clarence E. Carr and the defendant, Frank P. Carlisle, be and each of them hereby are required to file such pleadings as they may be advised to the bill of intervention of Charles H. Carr on or before five days after service of a copy of the bill of intervention on their respective attorneys of record herein."

Charles H. Carr then filed his bill of intervention.

Frank P. Carlisle filed his answer to the bill which, in effect, demands proof of the allegations of the bill of intervention.

The receiver was authorized to sell certain property and sold the same.

Motions to dismiss and to strike were denied.

Carlisle and wife were allowed to intervene.

On August 13, 1940, order was entered as follows:

"After due notice, this cause was heard upon the motion of the intervener, Charles H. Carr, to strike the plaintiff's motion incorporated in his answer to dismiss the bill of intervention, and for a decree on the bill of intervention and plaintiff's answer thereto on the ground that the aswer is insufficient as a defense, and it appearing that said motion to strike should be granted, the answer being found insufficient as a defense and not amendable,

"It is thereupon Ordered, Adjudged and Decreed that intervener's said motions severally be granted; that the plaintiff's said motion to dismiss the bill of intervention of intervener Charles H. Carr, as follows: That Charles H. Carr be and he hereby is substituted as plaintiff in the above entitled action in lieu of Clarence E. Carr, trustee

for Charles H. Carr, without prejudice to the proceedings already had herein, and that this action proceed accordingly."

The appeal is from the order of the circuit court of February 23 granting motion to dismiss plaintiff's amended bill of complaint and from the order of April 4, 1940, denying plaintiff's motion to dismiss the bill of intervention by Charles H. Carr and from the order of August 13, 1940, granting motion to strike plaintiff's answer to the bill of intervention and substituting Charles H. Carr as plaintiff in lieu of Clarence E. Carr.

The appellant has entirely disregarded our Rule 34, but we shall give the appeal the effect of petition for certiorari for review in this Court of interlocutory orders. We have considered the contentions of appellant which are, (1) that plaintiff in the court below was entitled as matter of right to file amended bill of complaint. This contention is correct, but the amended bill of complaint was no better than the original bill of complaint and no harmful error was committed by striking it from the files. (2) The contention is that a bill of intervention will not lie when the bill is not in subordination to and in recognition of the propriety of the main proceeding. In this also appellant is correct but the bill of intervention here is in subordination to and in recognition of the propriety of the main proceeding. The only thing to be accomplished by the bill of intervention is to have the decree entered in favor of the real party at interest. The status of the intervener as the real party at interest is shown to exist in the allegations of the original bill of complaint. The third contention is that it was error to enter a decree on the bill of intervention and answer thereto when pleadings presented material issues of fact for determination. We find no material issues of fact for determination. The pleadings show without dispute that the

money with which the property involved was purchased belonged to Charles H. Carr. It, therefore, follows that Charles H. Carr was the real party at interest and the person entitled to maintain the suit and to have the relief.

As a petition for certiorari, the writ is denied.

As an appeal, the orders complained of are affirmed.

So ordered.

BROWN, C. J., WHITFIELD, BUFORD and ADAMS, J. J., concur.