193 So.2d 187 (1966)
Charles WOGISCH and Kathryn Wogisch, Appellants,
v.
Howard TIGER and Winifred Tiger et al., Appellees.
No. 435.
District Court of Appeal of Florida. Fourth District.
December 30, 1966.
*188 Sherman A. Katz, of Koenig & Katz, Fort Lauderdale, for appellants.
Thomas A. Thomas and Harvey Ford, Hollywood, for appellee City of Hollywood.
WALDEN, Judge.
This interlocutory appeal is addressed to a chancery order which granted the City of Hollywood leave to intervene in a pending cause. The cause pending was a suit for injunction. It sought to eliminate a hog farm operation being carried on by the appellants.
Appellants go aground on a procedural shoal.
When intervention is permitted upon sufficient showing of interest under Rule 3.4, F.R.C.P., 31 F.S.A., the intervenor may, by proper pleading, make his petition for leave to intervene suffice as his complaint. Bancroft v. Allen, 1937, 128 Fla. 14, 174 So. 749. However, the better and more usual practice is for the intervenor, having established his interest, to file a complaint setting forth his stance with reference to the litigation. Carr v. Carlisle, 1941, 146 Fla. 201, 200 So. 529. The sufficiency of this complaint may be then tested by motion. Morgareidge v. Howey, 1918, 75 Fla. 234, 78 So. 14; Carr v. Carlisle, supra.
The order appealed provided:
"ORDERED AND DECREED that the Petition of the City of Hollywood to Intervene in this cause be and the same is hereby granted, and that the City of Hollywood be and it is hereby granted ten (10) days from date within which to file its Complaint, and that the Defendants be and they are hereby granted fifteen (15) days from receipt of the Complaint of the City of Hollywood within which to plead."
Thus, it is clear that the chancellor provided and intended that the City of Hollywood would file a complaint separate from its petition to intervene. The appellants were then specifically provided with an opportunity to plead to it and thereby test its sufficiency. Until such complaint is filed by the intervening City, it cannot be known just what position it will seek to take in the suit.
Despite the foregoing, the appellants by the contents of their points on appeal[1] undertake to treat the City's Petition to Intervene as the City's complaint and the order appealed as the instrument determining its legal sufficiency as a complaint. The appellants' points on appeal may or may not be material depending on the future course taken by the City and the trial court's future determination of its merits, if same is there contested by the appellants. In other words, the order in nowise determined the questions upon which the appellants frame their points on appeal.
Independently viewing the order in question, we recognize that intervention involves an exercise of the chancellor's discretion and his determination will not be disturbed unless error is clearly made to appear. Switow v. Sher, 1939, 136 Fla. 284, 186 So. 519; Nelson v. Tropical Land Co., 1927, 93 Fla. 203, 111 So. 512. It is *189 manifest that the City of Hollywood reflected such interest in the suit as to entitle it to intervene and file a complaint. It alleged that the hog farm was located within its corporate limits; that the area was thickly populated; and that it was zoned for single family residences. Its petition for intervention stated that the maintenance of the farm menaced the health, safety and welfare of its inhabitants and interfered with the proper use of its streets. The prayer was for the right to intervene "in subordination to and in recognition of the propriety of the main proceedings."
No error having been found, the order appealed is affirmed.
SMITH, C.J., and ANDREWS, J., concur.
NOTES
[1] POINTS OF LAW ON APPEAL I. Are allegations of plaintiffs that they sue on their own behalf  as owners and possessors of realty in a designated subdivision; and, on behalf of all others similarly situated; and, that their residence area is thickly populated and contains a number of residential dwellings sufficient to make a suit a class action?

II. In a purported class action, is a municipal corporation that has petitioned to intervene, because of its governmental responsibilities a member of a class that would consist of property owners within a designated subdivision?
III. Can a municipal corporation, in a petition in intervention, raise a new issue that the defendants' use of their property is in violation of zoning enacted by the petitioner when the pleadings prior to the petition are grounded on a nuisance theory?