CITY AND COUNTY OF HONOLULU, a municipal corporation, Plaintiff, *v.* NORA SWANZY BENNETT, et al., Defendants, and FRANCIS SWANZY MORGAN, Defendant-Appellee, and ABRAHAM K. McAULTON, Intervenor-Appellant

No. 5245

OCTOBER 31, 1972

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY KOBAYASHI, J.

This is an eminent domain proceeding in which appellant sought to become an intervenor as a matter of right based upon his claim of an interest in the land sought to be condemned. The trial court, however, ruled against him.

We are of the opinion that the trial court, in the light of the posture of the case, prematurely resolved the merits of appellant's claim.

In a "motion to intervene" premised on a claim of ownership as in the instant case, the question before the court is whether appellant meets the terms of HRCP 24 (a) (1) which provides:

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; . . . .

The statute pertinent to this case is HRS § 101-21 which provides:

§101-21. *Intervenors.* Any person in occupation of or having any claim or interest in any property sought to be condemned or in the damages for the taking thereof though not named in the complaint, may appear, plead, and defend in respect to his own property or interest, in like manner as if named in the complaint.

The appellant has, in his pleadings, supported with a chart of his genealogy, asserted a claim of undivided interest in the ownership of the property in question.

The wording of HRS § 101-21 thus raises a question as to the meaning of:

1.  the phrase "any claim or interest", and
2.  the phrase "*may* appear, plead, . . ." (emphasis added) .

Both appellant and appellee are in agreement that "any claim or interest" means a prima facie claim or interest. We agree with the interpretation of the meaning of "any claim or interest". *State* v. *New Jersey Zinc Company,* 40 N.J. 560, 193 A.2d 244 (1963) .

On the question of the meaning of the phrase "may

appear, plead, . . . " we are of the opinion that once the appellant has met the requirements of HRCP 24 (a) (1) and established a prima facie claim as prescribed in HRS § 101-21, the phrase "may appear, plead, . . . "as provided for in HRS § 101-21, means that the appellant may plead to intervene if he chooses to do so and that the trial court has no discretion on whether appellant can intervene or not. *See Kozak* v. *Wells,* 278 F.2d 104 (8th Cir. 1960); *State ex rel. Duggan* v. *Kirkwood,* 357 Mo. 325, 208 S.W. 2d 257 (1948) ; *Brotherhood of Railroad Trainmen* v. *Baltimore & Ohio Railroad Company,* 331 U.S. 519, 67 S. Ct. 1387, 91 L. Ed. 1646 (1947) ; *Bancroft* v. *Allen,* 128 Fla. 14, 174 So. 749 (1937) .

In determining whether appellant has a prima facie claim, the question has been raised whether appellee has the right to oppose appellant's motion to intervene and bring to issue whether appellant has pleaded a prima facie claim.

We are of the opinion that appellee has the right to oppose appellant's motion to intervene and bring to issue whether appellant has pleaded a prima facie claim. *See Stadin* v. *Union Electric Company,* 309 F.2d 912, 917 (8th Cir. 1962) . However, in determining whether appellant has asserted a prima facie claim, it is not within the province of the trial court to determine the merits of appellant's claim for the reason that in the context of a motion to permit intervention appellant's allegations in the pleadings seeking intervention rights must be deemed true in the absence of sham, frivolity or similar objections. *Kozak* v. *Wells,* 278 F.2d 104 (8th Cir. 1960) ; *Wood* v. *Denver City Water Works Company,* 20 Colo. 253, 38 P. 239 (1894) .

In the case before this court, on the face of appellant's pleadings, sham or frivolity is not apparent and a prima facie claim is asserted. The appellee in his affidavit supporting his motion in opposition to the motion to inter-

vene has failed to show that appellant's claim is a sham or of a frivolous nature.

We are of the opinion that appellant has, on the record before this court, met the provisions of HRCP 24 (a) (1) .

Reversed and remanded with instructions to allow appellant to intervene.

*Franklin K. Mukai* (*Wooddell, Mukai, Wirtz, Ichiki & Whitfield* of counsel) for intervenor-appellant.

*Robert B. Bunn* (*Cades, Schutte, Fleming & Wright* of counsel) for defendant-appellee.