DAUKSCH, Judge.
This is an appeal from an order denying a claim of lien and payment thereunder to a worker’s compensation carrier. We quash the order and remand for entry of an order recognizing the lien rights of the carrier and proper payment under those rights.
This case arises out of a wrongful death action where the widow and the estate (Plaintiffs) sued the tortfeasor and the worker’s compensation carrier claims a right to a portion of the proceeds from the settlement of the lawsuit.
After settlement was reached between the parties to the lawsuit, the plaintiffs and the tortfeasor, the plaintiffs filed a “Motion *1186 for Equitable Distribution of Past and Future Benefits.” In its motion the plaintiffs said:
1. Plaintiff, ÑOLA JUNE CORBITT, filed an action for the wrongful death of Odis Dudley Corbitt, under Circuit Case Number 86-607-CA in the Circuit Court in and for Citrus County, Florida against North American Van Lines, Inc., Floyd E. Mills and/or the Estate of Floyd E. Mills.
2. The parties entered into a settlement agreement and on April 22, 1987 the Honorable James S. Byrd entered an Order Approving Settlement. A copy of the Order is attached hereto.
3. The workers compensation carrier, Aetna Life & Casualty Company as insurers of C & L Trucking, employer of Odis Dudley Corbitt notified Defendant North American’s insurance company prior to filing of Plaintiffs lawsuit of their subrogation claim, but never notified any parties of the amount of the claim. A copy of the subrogation letter is attached.
4. The Plaintiff, and the employer/carrier, C & L Trucking and Aetna Life & Casualty, have failed to agree on the proportion of the lien for past and future benefits.
Plaintiffs then raised what they considered to be defenses and a bar to the payment of any of the settlement proceeds to the carrier. They raise as support for their position the fact that the carrier did not comply with section 440.39(3)(a), Florida Statutes (1985) and cite some cases which were decided under a statute which has been amended since the cases were decided.
We consider this case to be without precedent directly on point. Section 440.39, Florida Statutes (1985) is long and in most parts not directly applicable to the decision we reach, so we must extract the pertinent parts as we apply them to the facts in this case.
Plaintiffs filed their suit, knowing the carrier had paid benefits, against the tortfeasor who was given notice of the carrier’s payments. The plaintiffs did not comply with that portion of the statute which requires them to notify the carrier that suit against the tortfeasor had been filed. The statute says “Notice of suit being filed shall be served upon the employer and compensation carrier and upon all parties to the suit or their attorneys of record by the employee.” The “shall” in the statute is mandatory and makes operative the sentence which follows in the statute “Notice of payment of compensation benefits shall be served upon the employee and upon all parties to the suit or their attorneys of record by the employer and compensation carrier.” Without compliance with the first statutory requirement, the second is not required.
Plaintiffs claim the carrier was obligated to strictly comply with the statute even though they themselves did not. We disagree and point out that it is the plaintiffs who sought the equitable distribution, it is they who failed to first comply with the statute when they knew of the claims of the carrier, both because they were the recipients of the benefits and because the carrier sent them a copy of the claim letter sent to the tortfeasor.
Plaintiffs also seek some defense by referring to the sentence in section 440.-39(3)(a) which says “Upon suit being filed, the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which notice shall constitute a lien upon any judgment or settlement recovered to the extent that the court may determine_” This language is permissive (“may”) in its wording but if a lien is sought then it is at least directory and can be said to be mandatory. But given the two requirements at the end of section 440.39(3)(a), mentioned above, we are convinced that actual notice to the parties, in this case, is sufficient to put this plaintiff and the tortfeasor on notice of the interests of the carrier and that plaintiffs’ failure to give the requisite notice of suit to the carrier will operate to bar the plaintiff from raising its claimed defense of the carrier’s failure to comply with the statute. The *1187 carrier is equitably entitled to a lien against the settlement, which lien we hesitate to call a statutory lien because we cannot sanction either party’s failure to strictly comply, but rule the judge should have enforced when the plaintiff filed its motion.
The order is reversed and this cause remanded for enforcement of the lien.
REVERSED and REMANDED.
ORFINGER, J., and McNULTY, J.P., Associate Judge, concur.