PER CURIAM.
Some time after a work related injury, Mr. Szlosek committed suicide and his widow and estate (appellees) recovered workers’ compensation death benefits from the appellants. The appellees brought a separate malpractice action against the decedent’s psychiatrist, and the appellants did not learn of that lawsuit until three and a half years later when the psychiatrist’s attorney happened to contact the appellants’ lawyer requesting some records. There is dispute as to whether or not the appellants’ attorney told his caller that a lien would be filed in the malpractice action to recover from those proceeds the compensation death benefits paid. It is clear, however, that appellants’ lawyer did not say that a lien would not be filed.
*898 In any event, ten days after that phone conversation, the appellants filed a lien pursuant to section 440.39(3)(a), Florida Statutes (1987), coincidentally the same day the parties to the malpractice action agreed on a settlement of that lawsuit.
The appellees claimed that they were somehow prejudiced by settling the case without having first received the lien, and their motion to strike that lien was granted.
The obvious purpose of section 440.-39(3)(a) is to allow an employer or carrier to be made whole (or at least partially so) when workers’ compensation benefits have been paid to a beneficiary who later recovers from a third party for the same injury. It is not intended as a vehicle for a beneficiary to recover twice for the same injury.
Although the appellees were obligated under that statute to notify the appellants of their third party lawsuit, they never did so. The appellants only found out accidentally, and some three and a half years into the lawsuit at that. Yet the appellees complain that the lien filed ten days after the appellants learned of the lawsuit was untimely. We think not.
First, the suit was still pending even though the parties agreed to settle. Second, the appellees did not comply with their own notice obligations under the statute.
We therefore reverse and remand to the trial court with directions that the order striking appellants’ lien be vacated and that the trial court determine to what extent the appellants are entitled to recover from the settlement proceeds the benefits they paid to the appellees.
ANSTEAD and GLICKSTEIN, JJ., and MARTIN D. KAHN, Associate Judge, concur.