583 So.2d 782 (1991)
SUN BANK and Liberty Mutual Insurance Company, Appellants,
v.
Patricia JAKUBOWSKI and Leonard Jakubowski, Appellees.
No. 90-2418.
District Court of Appeal of Florida, Fifth District.
August 8, 1991.
Douglas G. Carey, of Eubanks, Hilyard, Rumbley, Meier and Lengauer, P.A., Orlando, for appellants.
Ronald S. Gilbert, of Morgan, Colling & Gilbert, P.A., Orlando, for appellees.
HARRIS, Judge.
In February 1986, Patricia Jakubowski, an employee of Sun Bank, was injured during the scope of her employment. Liberty Mutual paid workers compensation benefits pursuant to its policy with Sun Bank. In December 1989 Ms. Jakubowski and her husband filed an action for personal injuries against Iris and Robert Larson d/b/a Larson's Lodge. In June 1990, Liberty Mutual asserted a lien against any settlement or judgment in the personal injury action. The Jakubowskis moved to strike the notice on the ground that the claim was barred by the statute of limitations.
The trial court found that since the cause of action accrued on February 26, 1986 and the notice of lien was not served until June 11, 1990, and even though Liberty Mutual was on actual or constructive notice of the potential third party claim since March 1986 and elected not to bring an action on behalf of Ms. Jakubowski, the notice was barred by the general four-year statute of limitations. We reverse.
Section 440.39 creates a right of subrogation for the compensation carrier in any action against a third party tortfeasor. If the employee fails to file suit within one year, the carrier may initiate an action. If the carrier does not bring suit within two years of the accrual of the cause of action, the right of action reverts to the employee. Actions by the employee are governed by section 440.39(3)(a) which provides in part:

*783 In all claims or actions at law against a third-party tortfeasor, the employee ... shall sue for the employee individually and for the use and benefit of the employer ... or the employer's insurance carrier in the event compensation benefits are claimed or paid[.] ... Upon suit being filed, the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which notice shall constitute a lien upon any judgment or settlement recovered[.]
The right to file the notice of lien is not a new cause of action; it merely asserts a subrogated right in an existing claim. The subrogee acquires certain rights of the subrogor and is subject to all available defenses the defendant can assert against the subrogor including the statute of limitations. While the statute of limitations could be asserted by the defendant against the subrogor (and thus also against the subrogee), it is not a defense that the subrogor can assert against the subrogee. The legislature has placed no time limit on filing the notice of lien in the employee's tort action against a third party.
Appellees argue that appellants lack standing to appeal the order because they are not a party to the action. The legislative scheme for filing the statutory lien does not contemplate that the one entitled to it must intervene in the law suit in order to file such lien. The court obviously asserted jurisdiction over the lien (and implicitly over the one who filed it) by striking the lien. We find that appellant has sufficient standing to challenge the order. To paraphrase Bancroft v. Allen, 128 Fla. 14, 174 So. 749 (Fla. 1937)[1]:
[W]here the right to file a lien is granted by statute, and the lien is filed in compliance with the statute, the court has no discretion to strike it. And one who asserts an interest in the subject matter of litigation by filing such a lien thereby makes himself technically a party to the cause which will enable him to take an appeal from an interlocutory adverse ruling on the validity of the lien.
Appellees further argue that appellants should be precluded from filing a notice of lien because they failed to provide written notice of subrogation to either appellees or Larson. The existence or nonexistence of such notice is outside the record on appeal and will not be considered.[2]
The order striking the statutory workers compensation lien is quashed.
SHARP and COWART, JJ., concur.
NOTES
[1] Bancroft dealt with an unsuccessful effort to intervene. Bancroft was permitted to appeal even though he was not formally a party to the action.
[2] Section 440.39(3)(a) provides that notice of the employee's suit shall be served upon the employer and the compensation carrier and that notice of payment of compensation shall be served upon the employee and all parties to the suit. In C & L Trucking v. Corbitt, 546 So.2d 1185 (Fla. 5th DCA 1989), both parties failed to comply with these requirements. This court held that where the employee's estate failed to give notice to the employer, the employer was not required to serve notice of payment on the parties and could claim an equitable lien since the parties had actual notice of payment. Appellees had actual notice because they received the benefits, but the record is silent regarding actual notice to the third party tortfeasor.