COBB, J.
After the suicide of James Webster, his personal representative filed a malpractice action against his treating psychiatrist, Dr. Golwyn, on behalf of the estate and two surviving children. The treatment by Dr. Golwyn was occasioned by an industrial accident which occurred while Webster was employed by Circle K Corporation. As a result of that accident Circle K paid various compensation benefits to and for Webster. Pursuant to Chapter 440, Circle K filed a notice of hen in the malpractice action and gave notice that settlement should not be made without its consent.
Despite the notice from Circle K, the Websters and Dr. Golwyn proceeded to a settlement of the case and the case was dismissed by the trial court; no notice of this settlement was provided to Circle K. On February 4, 1998, the trial court entered a final order of dismissal of the malpractice action without notice to Circle K. In December 1998, Circle K filed a “Motion for Equitable Distribution” requesting that the court determine its appropriate pro rata share of the benefits paid. Pursuant to motion by the Websters, the trial court “dismissed” the motion for equitable distribution.
Under section 440.39(3)(a), once a suit is filed (and notice is sent to the employer) against a tortfeasor, the employer may file in the suit a “Notice of Payment of Compensation Benefits” to the employee. This notice constitutes a lien upon any judgment or settlement recovered pursuant to subsection (3)(b). Once the employer has given written notice of his or her rights of subrogation to the tortfeasor, and thereafter settlement is made, and the parties fail to agree on the proportion to be paid to each, the circuit court shall determine the amount to be paid to each by the tortfea-sor.
In Century Elevator Co. v. Spinos, 652 So.2d 451, 452 (Fla. 4th DCA 1995), the court noted that a tortfeasor who has notice of an employer’s subrogation claim settles with an employee only at the tort-feasor’s own risk, unless the employer is notified. See also City of Tampa v. Nor *1011 ton, 681 So.2d 811 (Fla. 2d DCA 1996)(right to distribution of proceeds is after funds are collected and the employees and employer either agree on the pro rata share due the employer or a court awards the pro rata share).
Where a case is settled in lieu of suit or during the pendency of a suit and the tortfeasor has notice of the employer’s interest in the settlement, the case should not be settled without the consent of the carrier or employer in order to protect the employer to the extent of benefits conferred. Generally, section 440.39(3)(b) is designed to prevent settlement between an employee and tortfeasor without notice to the carrier. Section 440.39(3)(b) preserves an employer’s right to obtain equitable distribution if its provisions are satisfied. Maryland Casualty Company v. Simmons, 193 So.2d 446 (Fla. 2d DCA 1966). See also Maryland Cas. Co. v. Smith, 272 So.2d 517 (Fla.1973).
In the instant case Circle K was not notified of the joint stipulation for dismissal or the final order of dismissal. Clearly, due process is implicated where the parties to the malpractice action have attempted to foreclose the lienholder by dismissing the underlying action without notice.
REVERSED AND REMANDED.
ANTOON, CJ. and DAUKSCH, J., concur.