ALTONAGA, CECILIA M„ Associate Judge.
This is an appeal of an order denying appellant, Zurich, U.S.’s Petition for Equitable Distribution, wherein Zurich sought to assert a workers’ compensation lien on settlement proceeds of a legal malpractice claim brought against attorneys who mishandled appellee, Judy Weeden’s third-party claim brought for injuries she sustained on the job. Because the trial court committed no error, we affirm.
On or about June 4, 1994, appellee, Judy Weeden, suffered back and neck injuries at her place of employment after slipping on a floor that had previously been cleaned by Hunter’s Cleaning Service. Judy Weeden received workers’ compensation benefits from appellant Zurich, her employer’s workers’ compensation carrier. In September 1995, appellee and her husband retained appellees, Richard Goldman, and his law firm, to file a lawsuit against the third-party tortfeasor, Hunter’s Cleaning Service. After Goldman failed to file the lawsuit within the applicable statute of limitations, Weeden filed a legal malpractice lawsuit against Goldman and his firm.
On September 11, 2000, the legal malpractice trial commenced. Although the record is silent on whether notice of the suit being filed was ever served upon Wee-den’s employer or Zurich, Zurich’s counsel was present on the first day of trial. In a motion in limine, Goldman sought an order to grant a set-off for the amount of workers’ compensation payments paid to Wee-den and to deny Zurich’s ability to assert a lien against any prospective judgment or settlement. It was Goldman’s position that Zurich had the statutory authority, pursuant to section 440.39(3)(a), Florida Statutes, to assert a hen against any judgment or settlement recovered by Weeden against the third-party tortfeasor, Hunter?s Cleaning Service, but that Zurich did not have any authority to assert a lien against any judgment or settlement recovered by Weeden against her attorneys. Although Zurich’s counsel was aware of Goldman’s motion, it is evident that prior to and during the trial, Zurich’s counsel did not file a notice of appearance or other notice advising of a lien upon any prospective judgment or settlement.
During the trial, the lower court granted Goldman’s motion for a set-off of Weeden’s workers’ compensation payments, concluding that Zurich was not entitled to assert a lien against Weeden’s recovery in her legal malpractice action against Goldman, and that Goldman was entitled to a set-off for the amount of workers’ compensation. This order was not served upon Zurich, as Zurich still had not filed an appearance or notice of lien in the case. After several days of testimony, the case between the Weedens and Goldman and his firm was settled for in excess of $300,000.
*947 On October 10, 2000, approximately one month after the settlement, Zurich filed a Notice of Lien in reliance on section 440.39(3)(a), Florida Statutes (2000), upon any recovery received by Weeden in the malpractice litigation for the workers’ compensation benefits paid to her by Zurich. No further action was taken by Zurich until two months later, when on December 14, 2000, it filed a Petition for Equitable Distribution of the settlement proceeds paid to Weeden by the Goldman firm. The trial court denied the Petition, on the bases that: (1) section 440.39, Florida Statutes, does not authorize a workers’ compensation lien in a legal malpractice action; and (2) the Petition was untimely.
We address the second basis for the trial court’s order, as we find it to be dispositive. Section 440.39, Florida Statutes (2000), creates a right of subrogation for the compensation carrier in an action against a third-party tortfeasor. See Sun Bank v. Jakubowski, 583 So.2d 782 (Fla. 5th DCA 1991). The statute authorizes subrogation of a workers’ compensation carrier to the rights of the employee to the extent of benefits recovered from the tort-feasor. Under section 440.39(2),
If the injured employee or his or her dependents recovers from a third-party tortfeasor by judgment or settlement, either before or after the filing of suit, before the employee has accepted compensation or other benefits under this chapter or before the employee has filed a written claim for compensation benefits, the amount recovered from the tortfeasor shall be set off against any compensation benefits other than for remedial care, treatment and attendance as well as rehabilitative services payable under this chapter.
When suit is filed against a third-party tortfeasor, notice of the employee’s suit shall be served upon the employer and the compensation carrier and all parties of record and their attorneys by the employee. See § 440.39(3)(a), Fla. Stat. (2000); see also Circle K Corp./AIG Claims Servs., Inc. v. Webster, 747 So.2d 1010 (Fla. 5th DCA 1999). Notice of payment of compensation benefits shall be served upon the employee and upon all parties to the suit or their attorneys by the employer and compensation carrier. See id. When the employer or insurance carrier files the notice of payment of compensation and medical benefits to the employee in the suit, such
notice shall constitute a lien upon any judgment or settlement recovered to the extent that the court may determine to be their pro rata share for compensation and medical benefits paid or to be paid under the provisions of this law, less their pro rata share of all court costs expended by the plaintiff in the prosecution of the suit including reasonable attorney’s fees for the plaintiffs attorney.
§ 440.39(3)(a), Fla. Stat. (2000).
Section 440.39(3)(b), Florida Statutes (2000), provides in part that where the carrier has given notice of a right of subro-gation to the third-party tortfeasor, and thereafter a settlement is made, and the parties fail to agree on the proportion to be paid to each, the trial court determines the amount to be paid to each by the third-party tortfeasor. This section is designed to prevent settlement between an employee and tortfeasor without notice to the insurance carrier. See Circle K, 747 So.2d at 1011. This section “preserves an employer’s right to obtain equitable distribution if its provisions are satisfied.” Id.
In addition to the provisions allowing the carrier to assert a lien in pending litigation between the employee and the third-party tortfeasor, section 440.39(4)(a), Florida Statutes (2000), permits the carrier itself to institute an action against the *948 tortfeasor. See also Liberty Mut. Ins. Co. v. Batch Air Universal, Inc., 559 So.2d 1189, 1190. (Fla. 3d DCA), review denied, 574 So.2d 142 (Fla.1990). Here, Zurich failed to institute its own action against Hunter’s Cleaning Service, and only asserted its lien a month after the trial it was aware of had commenced and the case had been settled, and certainly after the trial court had ruled that Goldman was entitled to a set-off of the amount paid to Weeden by Zurich.
Admittedly, “[t]he legislature has placed no time limit on filing the notice of lien in the employee’s tort action against a third party.” Sun Bank, 583 So.2d at 783. Nonetheless, the legislature has stated that “[u]pon suit being filed, the ... insurance carrier ... may file in the suit a notice of payment of compensation and medical benefits to the employee ... which notice shall constitute a lien upon any judgment or settlement recovered to the extent that the court may determine their pro rata share.” § 440.39(3)(a), Fla. Stat. (2000). Statutory language is to be given its plain and ordinary meaning, unless the words are defined in the statute or by the clear intent of the legislature. See, e.g., Green v. State, 604 So.2d 471, 473 (Fla.1992); Pandya v. Israel, 761 So.2d 454 (Fla. 4th DCA 2000). The words “upon suit being filed” the filing of the notice “shall constitute a lien upon any judgment or settlement recovered,” to be given their plain and ordinary meaning, envisions that the notice be filed before there is a judgment or settlement, not after. This interpretation is consistent with the later provision, in section 440.39(b), that requires the trial court to determine the amount to be paid to the employee and carrier where the “insurance carrier has given written notice of his or her rights of subrogation to the third-party tortfeasor, and, thereafter settlement of any such claim or action at law is made.” (emphasis added) § 440.39(3)(a), Fla. Stat. (2000). Any other construction of the statutory language would lead to the inequitable result which would occur here, if permitted, that parties reach a settlement that does not include the amount later sought to be asserted as a lien. The extensive notice provisions of the statute, requiring notice of the suit on all parties, and the corollary notice of payment of compensation benefits, are designed to ensure a sharing of information before a party’s position is adversely affected.
Here, Zurich appears to have been aware of the suit, given its attorney’s appearance at the start of trial, and yet it did not file its notice of payment until well after a final settlement between the parties had been reached, and this after the amount at issue had been presumably set-off, or excluded, from the scope of the settlement. Zurich never sought to intervene in the underlying legal malpractice case in a timely manner to preserve its interests, assuming, without deciding, that the law firm could even be considered a third-party tortfeasor so that the subrogation rights of section 440.39, Florida Statutes even come into play.[1] Had the trial *949 court had knowledge of Zurich’s position before the trial commenced, it would have been afforded the opportunity of considering Zurich’s arguments as to the reach of the subrogation rights in a legal malpractice case, and ruled on the issue of the set-off with the benefit of the arguments and authorities that were first presented to it months after the settlement, in the hearing on Zurich’s petition.
Thus, although section 440.39(3)(a), Florida Statutes, places no time limit on the filing of the notice of lien, a reasonable interpretation of the statute as a whole is that such notice must be filed before any settlement or judgment is recovered, not after.
We affirm.
DELL and KLEIN, JJ., concur.

. The issue of whether a workers' compensation lien may attach to the proceeds of a legal malpractice settlement pursuant to Section 440.39, Florida Statutes, is an issue of first impression in Florida. There are two divergent lines of cases from other jurisdictions, with certain courts allowing workers' compensation liens on legal malpractice recoveries, see, e.g., Frazier v. New Jersey Mfrs. Ins. Co., 142 N.J. 590, 667 A.2d 670 (1995); Bongiomo v. Liberty Mut. Ins. Co., 417 Mass. 396, 630 N.E.2d 274 (1994); while other courts have prohibited such recovery, see, e.g., Ramsey v. Kohl, 231 Mich.App. 556, 591 N.W.2d 221 (1998), appeal denied, 459 Mich. 993, 595 N.W.2d 853 (1999); Eastman v. Messner, 188 Ill.2d 404, 242 Ill.Dec. 623, 721 N.E.2d 1154 (1999); Poole v. Workers’ Comp. Appeal Bd. *949 (Warehouse Club, Inc), 770 A.2d 385, 390, appeal granted, 786 A.2d 992 (Pa. 2001). We express no opinion on what position Florida should adopt.