913 So.2d 1182 (2005)
SUMMIT CLAIMS MANAGEMENT, INC., d/b/a Claims Center, as Servicing Agent for Florida Retail Federated Self Insured Fund, Appellant,
v.
LAWYERS EXPRESS TRUCKING, INC., Canal Insurance Company, Inc., John Donnelly, and Elizabeth Donnelly, his wife, Appellees.
No. 4D04-2458.
District Court of Appeal of Florida, Fourth District.
October 12, 2005.
*1183 Steven P. Pyle of Steven P. Pyle & Associates, P.A., Winter Park, for appellant.
Michael V. Elsberry and W. Drew Sorrell of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for appellees Lawyers Express Trucking, Inc., and Canal Insurance Company, Inc.
Ronald M. Rowars of Ronald M. Rowars, P.A., Port St. Lucie, for appellees John Donnelly and Elizabeth Donnelly, his wife.
MILLER, KAREN M., Associate Judge.
This appeal arises from an order denying a workers' compensation lien on settlement proceeds that were generated through a third-party tort suit. The order denying the lien was entered by final summary judgment. See Fla. R. Civ. P. 1.510(c). We agree with the trial court and affirm the summary judgment. However, we certify the following question for express and direct conflict with C & L Trucking v. Corbitt, 546 So.2d 1185 (Fla. 5th DCA 1989):
Whether a workers' compensation insurance carrier that failed to seek its statutory lien until after the tort action concluded, despite having actual knowledge of the proceedings, is entitled to an "equitable lien"?
In April 1997, John Donnelly ("Donnelly") was injured in an automobile accident while working for Ft. Pierce Nissan, Inc. After Ft. Pierce Nissan provided Donnelly with workers' compensation benefits, Donnelly and his wife filed suit against Julius Grant and Lawyers Express Trucking, Inc. ("Lawyers Express"), the third-party tortfeasors. Lawyers Express was insured by Canal Insurance Company, Inc. ("Canal Insurance").
Section 440.39(1), Florida Statutes (1997), allows injured employees to pursue tort claims against third parties arising from work-related injuries. However, pursuant to section 440.39(2), the entity that paid the workers compensation benefits has statutory subrogation rights in any third-party suit. Therefore, section 440.39(3)(a) requires the injured employee to serve a "notice of suit" upon the employer carrier. Upon suit being filed, the employer or carrier may file a "notice of payment" in the third-party suit, which "shall constitute a lien upon any judgment or settlement" resulting from the tort suit. Id. The purpose of the statute is to allow an employer or carrier to be made whole when workers compensation benefits have been paid to a beneficiary who later recovers from a third-party for the same injury. See Employer Serv. Corp. v. Szlosek, 566 So.2d 897, 898 (Fla. 4th DCA 1990).
*1184 In the present case, neither party complied with the statutory notice requirements. The record, however, indicates that Summit Claims had actual notice of the third-party suit. The tort action was settled in August 2000. Subsequently, Summit Claims filed a separate lawsuit against Lawyers Express and Canal Insurance seeking to impose a lien on the settlement proceeds pursuant to section 440.39. Lawyers Express and Canal Insurance filed a motion for summary judgment arguing that Summit Claims was barred from filing a claim of lien because it failed to file a "notice of payment" in accordance with section 440.39(3)(a).
Although section 440.39(3)(a) places no time limit on the filing of the notice of lien, a reasonable interpretation of the statute is that such notice must be filed before any settlement or judgment is recovered. Any other interpretation would lead to the inequitable result wherein parties could reach a settlement that did not include the amount later sought to be asserted as a lien. See Zurich, U.S. v. Weeden, 805 So.2d 945, 949 (Fla. 4th DCA 2001).
"Workers' compensation is a branch of law which is entirely statutory in origin." Shaw v. Cambridge Integrated Servs. Group, Inc., 888 So.2d 58, 61 (Fla. 4th DCA 2004). Its creation "involved a legislative balancing of competing interests, creating a system of shared benefits and burdens for its participants." Sun Bank/South Fla., N.A. v. Baker, 632 So.2d 669, 672 (Fla. 4th DCA 1994). Given this background, workers' compensation "was unknown to the common law." Shaw, 888 So.2d at 61. The only subrogation rights available to employers and carriers are those delineated in the statute. See Fid. & Cas. Co. of N.Y. v. Bedingfield, 60 So.2d 489, 495 (Fla.1952). As such, "in order to avail itself of the benefits conferred by statute, the insurer must comply with the rules and conditions stated therein." Cont'l Ins. Co. v. Indus. Fire & Cas. Ins. Co., 427 So.2d 792, 793 (Fla. 3d DCA 1983).
Appellant relies on C & L Trucking, 546 So.2d at 1185, wherein the court imposed an "equitable lien" on settlement proceeds. We disagree with the Fifth District's opinion, because section 440.39 does not provide for equitable remedies.
In this case, the insurer herein had actual knowledge of the suit against Lawyers Express; however, the insurer failed to assert its right of subrogation in accordance with section 440.39(3)(a). Workers' compensation is created and governed by statute and as such the statute must be strictly construed. Any claims or liens not raised in accordance with the statute are waived.
We affirm the final summary judgment and certify the question set forth above for express and direct conflict with the Fifth District.
FARMER and KLEIN, JJ., concur.